312 P.2d 162

**STATE of Arizona, Appellee,**
v.
**Wayne Vance TAYLOR, a.k.a. Robert Vance Taylor, Appellant.**
No. 1094.

Supreme Court of Arizona.
May 21, 1957.

290

Alex B. Baker and Ford Dodd, Phoenix, for appellant.

Robert Morrison, Atty. Gen., and Wm. P. Mahoney, Jr., Special Asst. Atty. Gen., for appellee.

UDALL, Chief Justice.

The primary question presented by this criminal appeal is whether a defendant who allegedly takes or detains a person for any purpose *other than for pecuniary gain* can be lawfully charged or convicted of kidnaping under L.1935, ch. 13, sec. 1 (now A.R.S., § 13–492).

After a preliminary hearing before a magistrate, Wayne Vance Taylor, also known as Robert Vance Taylor, and hereinafter referred to as defendant, was arraigned in the superior court upon an information charging him with the crime of kidnaping for assault, a felony. The crime was alleged to have been committed by defendant in the following manner: that he

"* * * did then and there seize,

confine, abduct, kidnap and carry away one Carla Hixon, unrelated to him, with intent then and there to hold and detain said person, and defendant did hold and detain said person for the purpose of assaulting her, and did then and there inflict upon Carla Hixon bodily harm, causing her to suffer therefrom."

To this charge a plea of not guilty was entered.

A defense motion for a bill of particulars was granted in part, whereupon the county attorney filed the following:

"For a bill of particulars concerning the nature of the assault in the above

entitled and numbered cause, the County Attorney alleges the defendant did with fists and hands violently strike and beat Carla Hixon, a female child, about her head and body, and did compel her, Carla Hixon, to hold his private parts."

It was admitted by the State that defendant did not hold the child for ransom or monetary gain. Upon this record defense counsel moved to quash the information upon the ground that it did not charge defendant with the commission of an offense under the kidnaping statute. After oral argument the court denied the motion.

A trial was held, and, after the case had been submitted to it, the jury returned a verdict finding

" * * * the defendant guilty of the crime of kidnaping with the intent to commit assault and fix the punishment at life imprisonment without parole."

Defense counsel then filed a motion for a new trial and also a motion in arrest of judgment, relying primarily upon the same grounds set forth in the motion to quash. Both motions were denied, whereupon the court pronounced judgment and sentence in accordance with the verdict of the jury. This appeal followed.

Inasmuch as only questions of law are urged in this appeal it will be unnecessary to recite the shocking facts disclosed by the evidence.

The pertinent part of the statute in force at the time the offense was committed, is as follows:

"Kidnaping for Extortion, Robbery or Ransom. Except in the case of a minor by a parent thereof, every person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains such individual for ransom, reward *or otherwise,* or to commit extortion or robbery, or to exact from relatives of such person or from any other person any money or valuable thing, or any person who aids or abets any of the aforementioned acts, is guilty of a felony, and upon conviction thereof shall be punished (a) if the person subjected to any such act suffers bodily harm inflicted by the person guilty of the violation of this act, by death or by life imprisonment without the possibility of parole, whichever the jury shall recommend; or * * *." (Emphasis supplied.) L.1935, ch. 13, sec. 1, amending sec. 4609, R.C.A.1928.

At least since the year 1901 Arizona has had on its statute books a law against what we shall term traditional kidnaping, i. e., for monetary gain, such as kidnaping for extortion, robbery or ransom. See, sec. 187,

R.S.A.1901, sections 187 and 188, P.C.1913, and sec. 4609, R.C.A.1928. But it was not until the Twelfth Legislature met in the year 1935 that the law on kidnaping was amended to include the phrase "Or Otherwise" which is set forth, supra. The true meaning or application of this phrase is what gives rise to the instant appeal.

The arguments of both appellant and appellee concerning the interpretation to be given the questioned phrase revolve about the fact that the 1935 amendment to sec. 4609, R.C.A.1928, supra, followed enactment by Congress of an amendment in 1934 of the so-called Lindbergh Law of 1932, ch. 271, 47 U.S.Stat. 326. Appearing as ch. 301, 48 U.S.Stat. 781 (18 U.S.C.A. § 1201), the amendment of the Federal kidnaping statute added—among other changes —the words "or otherwise" to the original Act so that it now reads much as does the Arizona statute, i. e., " * * * for ransom or reward *or otherwise* * * *." Arizona and the Federal government apparently are the only two jurisdictions whose kidnaping statutes contain in such context the phrase "or otherwise". Thus, decisions of other state appellate courts are not helpful in our review of the instant problem.

On this matter defendant's principal contention is that one who allegedly takes or detains a person for any purpose other than for pecuniary gain cannot be charged or convicted of the crime stated by L.1935, ch. 13, sec. 1. In effect defendant is contending that the court should either have quashed the information or directed a verdict in his favor. The following are the main, interrelated arguments submitted in support thereof: (a) the doctrine of *ejusdem generis* is applicable, i. e., "otherwise" necessarily must have a meaning of the same kind or nature as the words it follows, viz.: "ransom" or "reward", and, hence, it could not possibly include an assault; (b) the fact that the legislature retained sec. 4607, R.C.A.1928 (now A.R.S. § 13–491), which, generally, concerns asportation and detention, indicates that the legislature only intended that the disputed phrase extend the "pecuniary" aspect of sec. 4609, R.C.A. 1928; (c) by the recent enactment of L. 1956, ch. 92, sec. 1, which added subsection B of A.R.S. § 13–492 concerning sexual assaults upon children under age 14, the legislature further evidenced its intent that the word "otherwise" be limited to pecuniary gain; (d) even if the source of the 1935 law was the Federal amendment of 1934 to the Lindbergh Law, the purpose of the addition of the phrase in the latter jurisdiction was to "plug" the loophole in its law, i. e., theretofore one could not be prosecuted under Federal law for kidnaping for any purpose other than pecuniary gain while such a gap never existed in Arizona law.

In answer to the above arguments the State has submitted the following: (1) it is apparent by comparison of dates and phraseology that the amendment of 1935 of sec.

4609, R.C.A.1928, was taken from the Lindbergh Law of 1932 and its subsequent amendment in 1934; (2) coming from the jurisdiction of origin, the several cases from the Federal courts interpreting this phrase, while not controlling, are most persuasive, and these cases reject the very argument of defendant concerning the application of the rule of *ejusdem generis*, and hold the phrase to include kidnaping for any purpose; (3) sec. 4607, supra, penalized mere forcible asportation—reason, motive and design are not ingredients of the crime; (4) the amended sec. 4609, supra, unlike sec. 4607, supra, penalizes seizure and confinement, i. e., "standstill" kidnaping, as well as abduction; (5) appellant's theory would render the phrase "otherwise" meaningless, a result untenable under rules of statutory construction; (6) the 1956 amendment is not persuasive to indicate the legislative intent for the reason that a patently erroneous view of the status of the law by the legislature need not be followed.

Counsel for both sides are agreed the Federal courts have had no trouble interpreting the word "otherwise" in this context to mean the statute prohibits interstate transportation of kidnapped persons for specific purposes other than pecuniary gain, thereby rejecting the *ejusdem generis* rule. See, Gooch v. United States, 297 U.S. 124, 126, 56 S.Ct. 395, 80 L.Ed. 522 (to prevent arrest), United States v. Parker, D.C., 19 F.Supp. 450, 453, affirmed in 3 Cir., 103 F. 2d 857, 860, certiorari denied 307 U.S. 642, 59 S.Ct. 1044, 83 L.Ed. 1522 (to enhance defendant's reputation as a detective), United States v. Bazzell, 7 Cir., 187 F.2d 878, 882 (to place victim in house of prostitution), and Poindexter v. United States, 8 Cir., 139 F.2d 158 (for flogging). Defendant does not dispute the validity of the Federal decisions; rather, as evidenced by his arguments, he questions only the applicability of such Federal interpretation to the questioned phrase as found in the Arizona statute.

Extensive treatment of this question is unnecessary as the issue is well defined and squarely met by both counsel. We are of the opinion that the state's viewpoint is correct. On the matter of legislative intent we think the date of enactment of our law is highly significant, for the amendment to the Lindbergh Law in 1934 was followed in Arizona within the year; our 1935 amendment incorporated not only the changes contained in the Federal 1934 Act, but reached back to the original Lindbergh Law of 1932 to supplement further and to change sec. 4609, supra. With such background, we feel justified in looking to the Federal courts' interpretation of the phrase "or otherwise". That the decisions above cited were rendered after our adoption of the Federal language does not detract from the weight to be accorded them. While they are not binding upon us, they are nec-

essarily entitled to great weight. We find them most persuasive, coming as they do from the U. S. Supreme Court and inferior federal courts interpreting the parent statute and standing as the sole interpretation of the words now questioned in the instant appeal. See, Town of Williams v. Perrin, 70 Ariz. 157, 162, 217 P.2d 918; cf. 50 Am. Jur., Statutes, sec. 460, pp. 475–476.

■ The four arguments submitted by defendant are generally premised on the fact that Arizona has two kidnaping statutes. Part of sec. 4607, supra (and what is now A.R.S. § 13–491, subd. A(1)), prohibits the forcible taking, stealing or arresting of any person in this state and carrying him into another country, state or county, or into another part of the same county. Defendant argues that the legislature would have repealed this portion of the statute had it intended that the phrase "or otherwise" would cover kidnaping for any reason other than pecuniary gain. The State has submitted a quite adequate answer. The crime defined in sec. 4607, supra, does not require any specific intent, motive, or purpose, while sec. 4609, supra, does require some specific intent, more, then, than that specified in sec. 4607, supra. We need not consider what situation will arise under the crime charged in sec. 4607; we need only recognize that the two statutes can and do exist side by side, the one having more elements than the other.

We hold the charge was properly laid under the statute which was then in force and effect; hence, there is no merit to the first assignment of error.

■ A second assignment of error requires brief consideration. Defendant urges that the statute in question, which allows a sentence of life imprisonment without possibility of parole, is unconstitutional, being an invasion of the executive department by the judicial department and that the legislature had no authority to delegate such a power to the judiciary, it being violative of art. 3, Constitution of Arizona, A.R.S. Furthermore, it is contended the statute violates the following provisions of the Constitution of Arizona, viz.: the due process clause, art. 2, sec. 4; the equal privileges and immunities clause, art. 2, sec. 13; and art. 2, sec. 15, that forbids cruel and unusual punishment. We are not impressed with any of these contentions, and counsel have cited no reported cases sustaining their view. There is nothing in the nature of a fundamental right attributed to parole and the legislature may limit its benefits or deny such altogether. Nor does it appear to us that the punishment prescribed is cruel or discriminatory. As long as the punishment is approximately proportionate to the type of crime and not so severe as to shock the moral sense of the community, its extent is necessarily within the discretion of the legislature. 15 Am.

Jur., Criminal Law, sec. 524. We hold that the punishment prescribed by the statute for the crime here involved nowise violates the constitution.

Finding no error in the record, the judgment is affirmed.

WINDES, PHELPS and LA PRADE, JJ., concur.

STRUCKMEYER, J., concurs in the result.