421 P.2d 322

**STATE of Arizona, Appellee,**
**v.**
**Peter Robert ESPINOSA, Appellant.**
**No. 1652.**

Supreme Court of Arizona.
In Banc.
Dec. 7, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Maxwell R. Palmer, Jr., Tucson, for appellant.

LOCKWOOD, Justice.

The appellant, Peter Robert Espinosa, was charged by information with illegally selling the narcotic drug heroin in violation of A.R.S. § 36–1002.02. He pleaded not guilty to the charge. Trial was held and defendant was found guilty and sentenced to five to six years in the State Prison. Espinosa was found to be indigent and the same counsel who represented him at trial was appointed to represent him for the purposes of this appeal.

The appellant contends that the witness, Captain Kempe, a police chemist, was not qualified to state an opinion as to whether a particular quantity of heroin was usable. As a general rule the competency of expert testimony is left to the sound discretion of the trial judge. City of Phoenix v. Brown, 88 Ariz. 60, 352 P.2d 754 (1960).

However, even if Captain Kempe was unqualified to express an opinion as to the usability of the quantity of heroin involved in the present case it would not justify a reversal. In State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739 (1966), we stated that it was unnecessary to show that an amount of narcotics transferred from the defendant to another was a usable quantity in order to convict the defendant of illegally selling narcotic drugs in violation of A.R.S. § 36-1002.02. It is the sale of any amount of narcotics which is prohibited. This is in contradistinction to the necessity of proving that the amount of the drug was usable when the crime of illegal possession of narcotics is charged.

 The appellant next complains that he was deprived of his constitutional right to have compulsory process to compel the attendance of witnesses in his favor. Art. 2, § 24, Arizona Constitution, A.R.S. The appellant states that the police concealed one Freddie Dauge, the informer who aided the police in the arrest of the appellant, thus depriving him of compulsory process. There is nothing in the record to indicate that the appellant made any attempt to find or to subpoena Freddie Dauge. Further there is nothing in the record which shows that the State had any more knowledge of the whereabouts of Freddie Dauge than did the accused's attorney at the time of trial, or at any time close to the date of trial. Appellant's attorney states, in his brief, that he had interviewed Dauge the day after the arrest of the appellant. Hence, it cannot be urged that the attorney was surprised at the trial to find out that an informer had aided in the apprehension of his client.

 The appellant claims that when the legislature placed a "Regulation of Narcotics, Alkalies, Acids and Poisons" act in the chapter of the Revised Statutes entitled "Public Health and Safety" and provided criminal penalties for the violation of the act there was a violation of Art. 4, pt. 2, § 13, Arizona Constitution.[1] The purpose of the constitutional provision is to prevent the surprise and evils of omnibus bills and surreptitious legislation by requiring the title of an act to generally inform the public of the act's contents. In re Lewkowitz, 70 Ariz. 325, 220 P.2d 229 (1950). The act was passed by the legislature in 1961, and fully complies with the constitutional provision.[2] It is appellant's contention that by not placing the act in the criminal section of the Code the legislature failed to notify the public that its violation would lead to criminal responsibility. The same contention was urged on us in State v. Gastelum, 75 Ariz. 271, 255 P.2d 203 (1953). In that case we took judicial notice of the evil effects of the use of narcotics on the general welfare. We stated that it was thus natural for the public to assume that a violation of a drug regulation act would lead to severe criminal sanctions.

 The appellant next contends that it was error for the trial judge to instruct the jury that an offer to sell a narcotic drug was a violation of A.R.S. § 36-1002.02. At most, the appellant claims, he is guilty of an attempt to violate A.R.S. § 36-1002.02. There was evidence admitted at the trial upon which the jury could have found that not only had the appellant offered to sell heroin, but had in fact actually sold the substance to another for a price. A.R.S. § 13-108 defining attempt to commit a crime and the cases cited to us under that section are inapplicable to the situation at bar since the statute involved here makes it a specific crime to offer to sell narcotic drugs. The trial judge correctly informed the jury

1. "Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title."

2. "An Act Relating to Narcotics; Regulating the Use, Production, Sale, Distribution and Dispensing of Narcotic Drugs; Prescribing Penalties; * * * Amending Sections * * * 36-1002, * * *."

that there can be no crime unless there is present a union of an act and a criminal intent. There was sufficient evidence upon which the jury could have found that the appellant had offered to sell narcotic drugs in violation of A.R.S. § 36–1002.02 and that he possessed the requisite criminal intent at the time the offer was made.

Reversible error is also claimed for the failure of the trial court to allow a witness to testify that the informer, Freddie Dauge, had attempted to sell narcotics to him after the arrest of the appellant. We fail to see how this would have any bearing on the question of whether the appellant had sold or offered to sell narcotics at the time stated in the information.

The statute under which the appellant was tried allows the judge to impose a sentence of from five years to life with the additional provision that the defendant has no possibility of parole for at least five years. The appellant was sentenced to serve from five to six years in the State Prison. Appellant alleges that the imposition of this sentence violates the Eighth Amendment of the United States Constitution and Article 2, § 15 of the Arizona Constitution, both of which forbid the imposition of cruel and unusual punishment. In State v. Taylor, 82 Ariz. 289, 312 P.2d 162 (1957) we upheld the imposition of a life sentence without the possibility of parole, as authorized by the statute, as against the same arguments which are raised in the present case. We note that the sale and use of narcotics has an extremely deleterious effect on individuals and upon society in general. We cannot say that the imposition of a sentence of from five to six years without the possibility of parole for five years is violative of any constitutional protection against cruel and unusual punishment. "As long as the punishment is approximately proportionate to the type of crime and not so severe as to shock the moral sense of the community, its extent is necessarily within the discretion of the legislature." State v. Taylor, 82 Ariz. 289, 294, 312 P.2d 162, 166 (1957).

Affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.