532 P.2d 862

**STATE of Arizona, Appellee,**

v.

**James Lee GUTHRIE, Appellant.**

No. 2239–3.

Supreme Court of Arizona,
In Banc.

March 14, 1975.

Rehearing Denied April 15, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., Phoenix, Dennis DeConcini, Pima County Atty., G. Michael Callison, Deputy County Atty., Tucson, for appellee.

W. Edward Morgan, Tucson, for appellant.

LOCKWOOD, Justice:

This appeal comes before this court to review an order of the Pima County Superior Court, the Honorable Mary Anne Richey, presiding, denying defendant's petition for postconviction relief under Rule 32.1, Rules of Criminal Procedure, 17 A.R. S. Affirmed.

On August 27, 1970, appellant, James Lee Guthrie, was convicted after a trial by jury of the unlawful sale of heroin, a violation of A.R.S. § 36–1002.02. He was sentenced to a term of not less than five nor more than seven years in the state prison. Pursuant to § 36–1002.02, added laws 1961, 1st S.S., Ch. 1, § 3, the sentence carried a provision that the appellant shall not be eligible for release or parole until he had served not less than five years in prison.

On April 21, 1972, this Court affirmed the judgment and sentence of the superior court, State v. Guthrie, 108 Ariz. 280, 496 P.2d 580 (1972).

Appellant subsequently filed a motion for a new trial with the trial court on the basis of newly discovered evidence. This motion was denied and the original sentence was repronounced whereupon a second appeal was taken to this court. On January 16, 1974, this court affirmed the sentence of the superior court. State v. Guthrie, 110 Ariz. 257, 517 P.2d 1253 (1974).

On March 8, 1974 appellant filed before Judge Richey a petition for postconviction relief requesting the court to reconsider its sentence on the basis of a current probation report showing rehabilitation of appellant justifying probation. On March 14, 1974, the trial court ruled it lacked jurisdiction to hear appellant's petition, and accordingly ordered that the petition be denied.

On April 10, 1974 defendant was resentenced for a period of not less than five nor more than seven years in the Arizona State Prison. At that time the trial court denied an appeal bond. On May 14, 1974, this Court denied appellant's petition for admission to bail.

It is critical to note that the defendant had previously been released on appeal bond for four years pending his two appeals to this court. The defendant is currently incarcerated in the Arizona State Prison.

There are two issues to be decided on this appeal. The first issue is whether the superior court has jurisdiction to hear a petition for postconviction relief on sentencing pursuant to Rule 32.1, Rules of Criminal Procedure after the Supreme Court has handed down a mandate upholding the original judgment and sentence.

It is appellant's contention that evidence of a law-abiding lifestyle and rehabilitation for a period of four years when the defendant was released on bond pending appeals to the Supreme Court are newly-discovered material facts which would entitle him to a reconsideration by the trial court of the sentence imposed. Appellant is not asking that his sentence be entirely vacated or be reduced, but only that he be considered for probation.

We appreciate the fact that the appellant's rehabilitation took place in the four years he was out on appeal bond and that therefore he could not have raised that issue on his first appeal. However, in appellant's second appeal this court held that the superior court may not modify its original sentence after this court has affirmed it on appeal. State v. Guthrie, 110 Ariz. 257, 517 P.2d 1253 (1974). In that case we specifically held that the defendant's right to due process of law was not violated when the trial court refused to reconsider the original sentence imposed after the appeal had been denied, when the appellant had demonstrated he had adopted a different life style during the twenty-seven month period he had been free on bail pending his appeal. It was stated as follows:

"With regard to appellant's final contention, we find that the trial court properly repronounced the original sentence as it must. State v. Federico, 104 Ariz. 49, 448 P.2d 399 (1968). The issue in the instant case, as in Federico, supra, is not whether the appellant is deserving of a different sentence but whether the superior court may modify its original sen-

tence after this court has affirmed it on appeal. As we have held in the past the *superior court has no jurisdiction to modify its original judgment.*" 110 Ariz. at 258, 517 P.2d at 1254. (Emphasis added.)

Appellant argues that a Rule 32 proceeding for post conviction relief was not available when he took his underlying appeals. He urges that Rule 32, both by its terms, and from the reasonably inferred intent of the drafting committee, changes the existing law and provides for an evidentiary hearing on changed circumstances pending appeal in order to reconsider sentence. He argues that Rule 32 specifically provides that a proceeding based on new facts that would affect a sentence are not precluded even by a final adjudication on appeal.

Rule 32.2(a) provides: "a. Preclusion. A petitioner will not be given relief under this rule based upon any ground: * * * (2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding; * * *." However, Rule 32.2(b) makes the following exception: "b. Exceptions. Rule 32.2 shall not apply to claims based on Rule 32.1(d), (e) and (g)."

Rule 32.1 e provides as follows:

"Rule 32.1 Scope of remedy

"Subject to the limitations of Rule 32.2, any person who has been convicted of, or sentenced for, a criminal offense may, without payment of any fee, institute a proceeding to secure appropriate relief on the ground or grounds that:

* * * * * *

"e. Newly-discovered material facts exist, which the court, after considering

"(1) The probability that such facts, if introduced would have changed the verdict, finding or sentence;

"(2) The diligence which would have been required to discover and produce the evidence at trial;

"(3) The promptness with which the petitioner has commenced a proceeding after discovery of such facts,

may require that the conviction or sentence be vacated."

Appellant contends that rehabilitation pending appeal is a "newly discovered fact" within the meaning of Rule 32.1(e) and the preclusionary Rule 32.2, supra, does not apply.

█ Rule 32.1(e) provides for three conditions precedent to post conviction relief on the basis of newly discovered facts. Rule 32.1(e) supra, contemplates facts in existence at the original trial or sentence which were not adduced, but had they been adduced could have changed the original verdict, finding or sentence. We are not here dealing with a situation where the original sentence was void, illegal, erroneous or otherwise subject to collateral attack. Rather, this appeal is for a review of circumstances which arose subsequent to the imposition and affirmance of that sentence.

█ Rule 32.1(e) has not expanded the law to relieve appellant from the consequences of a sentence because of facts arising after the judgment of conviction and sentencing. A trial judge may not redetermine a valid sentence after affirmance on appeal, State v. Guthrie, 110 Ariz. 258, 517 P.2d 1253, supra. No change in this law was implied by the terms or intent of Rule 32. Post conviction relief is not designed to add to the law's delays by giving an accused three days in court where one is sufficient for doing substantial justice under fundamental law nor to grant an additional and fully repetitious appeal, and accordingly, the issues disposed of on the previous appeal from the judgment of conviction and sentence will not be disturbed.

█ The original sentence having been affirmed, the trial court did not err in refusing to hear evidence on the issue of the defendant's sentence for lack of jurisdiction.

█ The second issue is whether the trial court's refusal to take jurisdiction to reconsider sentence and probation coupled with a mandatory five year minimum sen-

tence for a narcotics offense pursuant to § 36–1002.02 constitutes cruel and unusual punishment within the meaning of Article 2 § 15 of the Arizona Constitution, A.R.S., and the Eighth Amendment to the Constitution of the United States.

In State v. Espinosa, 101 Ariz. 474, 421 P.2d 322 (1966) this court upheld A.R.S. § 36–1002.02 as not violative of any constitutional prohibition against cruel and unusual punishment. In that case we stated:

"The statute under which the appellant was tried allows the judge to impose a sentence of from five years to life with the additional provision that the defendant has no possibility of parole for at least five years. The appellant was sentenced to serve from five to six years in the State Prison. Appellant alleges that the imposition of this sentence violates the Eighth Amendment of the United States Constitution and Article 2, § 15 of the Arizona Constitution, both of which forbid the imposition of cruel and unusual punishment. In State v. Taylor, 82 Ariz. 289, 312 P.2d 162 (1957) we upheld the imposition of a life sentence without the possibility of parole, as authorized by the statute, as against the same arguments which are raised in the present case. We note that the sale and use of narcotics has an extremely deleterious effect on individuals and upon society in general. We cannot say that the imposition of a sentence of from five to six years without the possibility of parole for five years is violative of any constitutional protection against cruel and unusual punishment. 'As long as the punishment is approximately proportionate to the type of crime and not so severe as to shock the moral sense of the community, its extent is necessarily within the discretion of the legislature.' State v. Taylor, 82 Ariz. 289, 294, 312 P.2d 162, 166 (1957)." 101 Ariz. at 477, 421 P.2d at 325.

We have consistently held that a sentence within the statutory limits, as in the instant case, "is not cruel and unusual punishment where the statute fixing punishment is not unconstitutional." State v. Howland, 103 Ariz. 250, at 256, 439 P.2d 821 at 827 (1968), overruled on other grounds, State v. Burchett, 107 Ariz. 185, 484 P.2d 181 (1971).

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.