540 P.2d 668

**The STATE of Arizona, Appellee,**

v.

**Harry STADIE, Appellant.**

**No. 2987.**

Supreme Court of Arizona,
In Division.

Sept. 25, 1975.

Rehearing Denied Oct. 21, 1975.

Bruce E. Babbitt, Atty. Gen., by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

W. Edward Morgan, Tucson, for appellant.

CAMERON, Chief Justice.

This is an appeal by defendant, Harry Stadie, from a sentence of 5 to 8 years for transportation of marijuana, without possibility of parole for three years pursuant to A.R.S. § 36–1002.07 and from the denial of defendant's motion for reconsideration of the sentence.

We must answer the following questions on appeal:

1. Do the provisions of A.R.S. § 36–1002.07 providing for a minimum of three years without parole violate the Eighth Amendment of the United States Constitution and Article 2, § 15 of the Arizona Constitution?

2. Did the State fail to keep its part of the plea agreement?

The facts necessary for a determination of this matter on appeal are as follows. On 9 August 1973 defendants, Harry Stadie, Jose Francisco Maytorena and Albert Quiroz, were indicted for unlawful transportation of marijuana and unlawful sale of marijuana. Stadie was also indicted for using a minor for traffic in marijuana, unlawful sale of dangerous drugs, unlawful possession of a narcotic drug, and three counts of unlawfully offering to sell narcotics. Pursuant to plea bargain negotiations, Stadie entered a plea of guilty to the crimes of unlawful offer to sell narcotics, A.R.S. § 36–1002.02; unlawful sale of dangerous drugs, A.R.S. § 32–1970(B) and A.R.S. § 32–1996(C); unlawful transportation of marijuana, A.R.S. § 36–1002.07; and a plea of no contest to the crime of unlawful possession of a narcotic drug, A.R.S. § 36–1002. All of the other charges against Stadie were dismissed.

A mitigation hearing was held on 4 March 1974, and Stadie was then sentenced to a term of not less than five nor more than eight years in the Arizona State Prison for the unlawful transportation of marijuana. Imposition of sentence for the other counts was suspended and defendant was placed on probation for a period of five years without any official supervision.

On 26 August 1974 and 3 September 1974, the Honorable Robert Roylston heard Stadie's motion to vacate judgment. The motion was denied and from this judgment defendant appeals.

## DOES A.R.S. § 36–1002.07 CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT?

A.R.S. § 36–1002.07(A) provides that:

"Every person who transports, imports into this state sells, furnishes, administers or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison from five years to life and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than three years."

Appellant argues that the portion of this statute which prevents the granting of parole to a first offender until completion of three years of the sentence is cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article II, § 15 of the Arizona Constitution. We disagree. We have stated:

"The statute under which the appellant was tried allows the judge to impose a sentence of from five years to life with the additional provision that the defendant has no possibility of parole for at least five years. The appellant was sentenced to serve from five to six years in the State Prison. Appellant alleges that the imposition of this sentence violates the Eighth Amendment of the United States Constitution and Article 2, § 15 of the Arizona Constitution, both of which forbid the imposition of cruel and unusual punishment. In *State v. Taylor*, 82 Ariz. 289, 312 P.2d 162 (1957) we upheld the imposition of a life sentence without the possibility of parole, as authorized by the statute, as against the same arguments which are raised in the present case. We note that the sale and use of narcotics has an extremely deleterious effect on individuals and upon society in general. We cannot say that the imposition of a sentence of from five to six years without the possibility of parole for five years is violative of any constitutional protection against cruel and unusual punishment. 'As long as the punishment is approximately proportionate to the type of crime and not so severe as to shock the moral sense of the community, its extent is necessarily within the discretion of the legislature.' *State v. Taylor*, 82 Ariz. 289, 294, 312 P.2d 162, 166 (1957)." *State v. Espinosa*, 101

Ariz. 474, 477, 421 P.2d 322, 325 (1966). See also *State v. Guthrie*, 111 Ariz. 471, 532 P.2d 862 (1975).

This court has also rejected the argument that application of A.R.S. § 36–1002.-07 to a first offender constituted cruel and unusual punishment:

"Secondly, defendant argues that his sentence of not less than five nor more than seven years was excessive and constituted cruel and unusual punishment. Defendant bases this on the fact that he was only 19 years of age, that he had no prior record of any involvement with drugs or narcotics, that the amount of marijuana involved was small, and on the belief that his socio-economic background as a reservation Indian has resulted in his being of much less than normal intelligence.

"The general rule is that the pronouncing of sentence is within the sound discretion of the trial court, and that the sentence will be upheld if it is within the statutory limits unless there has been a clear abuse of discretion. (citations omitted) § 36–1002.07, subsec. A, A.R.S. provides that such a crime '* * * shall be punished by imprisonment in the state prison from five years to life * * *.' The sentence of not less than five nor more than seven years was within the statutory limits for a first offense conviction of the unlawful sale of marijuana." *State v. Celaya*, 107 Ariz. 175, 178, 484 P.2d 7, 10 (1971).

We have read the record including the hearing in mitigation, the motion to set aside and the sentencing and we find no abuse of the trial court's discretion in sentencing.

### DID THE STATE FAIL TO KEEP ITS PART OF THE PLEA AGREEMENT?

The record reveals that a plea agreement was entered into. Four of the eight counts of the indictment were dismissed by the state in return for defendant's plea of guilty to the unlawful sale of dangerous drugs, unlawful transportation of marijuana and unlawful offer to sell narcotics, and his plea of no contest to the crime of unlawful possession of a narcotic drug. As part of his plea bargain negotiations, appellant alleges that he provided the Pima County Attorney's Office with information concerning the possible commission of certain capital crimes with the understanding that this information would not be used for or against him. Appellant argues that the State breached the plea bargain agreement by disclosing this information, when it played a tape for the Honorable Robert Roylston at the motion to vacate judgment.

The State is bound by a plea bargain which induces a guilty plea. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Richard*, 109 Ariz. 65, 505 P.2d 236 (1973); *State v. Stone*, 111 Ariz. 62, 523 P.2d 493 (1974).

From the record before us, we would have no difficulty in holding that defendant has failed to show that there was in fact a breach of the plea bargain. Even if that be the case, however, there is no showing of prejudice in the sentencing. The defendant was sentenced on 4 March 1974. Since there was no mention or discussion of the tape until it was played at the motion to vacate judgment on 3 September 1974, the tape had no impact or influence on the trial judge's determination of the sentence.

The facts of this case do not bring the defendant within Santobello. We find no error.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS, J., concurring.