595 P.2d 196

**STATE of Arizona, Respondent,**

v.

**Raul SALAZAR, Petitioner.**

**No. 1 CA–CR 3430–PR.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 6, 1979.

Rehearing Denied May 1, 1979.

Review Denied May 22, 1979.

Charles F. Hyder, Maricopa County Atty. by David A. Bash, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for petitioner.

**OPINION**

JACOBSON, Judge.

Petitioner seeks review of the action of the trial court in denying his petition for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.

After a jury trial, petitioner was convicted of sale of a narcotic drug in violation of A.R.S. § 36–1002.02, and on February 7, 1975, he was placed on five years' probation. He did not appeal therefrom. After three violations of that probation, all of which resulted in continued probation, petitioner was found to have committed a fourth violation, for which his probation was revoked. He was then sentenced to five to eight years in the state prison. Petitioner appealed this last revocation and sentence, which were affirmed by this court's memorandum decision in *State v. Salazar*, 1 CA–CR 2209 (filed December 30, 1976). About a year later, he filed the present Rule 32 petition. The trial court denied the petition after an informal hearing, and then denied petitioner's timely motion for rehearing. Petitioner then filed the present petition for review. For the reasons hereafter stated, review is granted, but the relief requested is denied.

In his motion for rehearing, petitioner raises three issues. First, he seeks to attack the validity of his original conviction on the basis of insufficiency of the evidence, which he claims deprived the trial court of jurisdiction over him. Second, he questions the validity of the revocation proceedings on the basis of improper or insufficient grounds therefore. Third, he attempts to avoid the state's claim that Rule 32 relief is precluded by his former appeal by asserting that he was denied the effective assistance of counsel on that appeal because of the failure of his counsel to raise a certain issue in that appeal.

Judging from these issues, it appears that petitioner believes that Rule 32 proceedings are simply designed to afford a second appeal or an automatic delayed appeal. This is not the case. *See State v. Guthrie*, 111 Ariz. 471, 532 P.2d 862 (1975).

Rule 32.1 defines the scope of the remedy available and specifies the only permissible grounds for relief. Insufficiency of the evidence or of the grounds for revocation of probation are not among them. In *State v. Gause*, 112 Ariz. 296, 541 P.2d 396 (1975), *cert. denied*, 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976), it was established that the procedural requirements of Rule 32 must be strictly complied with by a petitioner seeking relief thereunder. The same applies to the substantive grounds for relief set forth in Rule 32.1. Petitioner must assert grounds which bring him within the provisions of this rule in order to be entitled to any relief. *State v. Zebrowski*, 24 Ariz. App. 452, 539 P.2d 926, *approved*, 112 Ariz. 433, 543 P.2d 119 (1975). Petitioner here has not brought himself within the permissible grounds of Rule 32.1 with respect to his original conviction.

In addition, in connection with his original conviction, petitioner is not now seeking a delayed appeal nor has he even attempted to allege that he desired to appeal his original conviction when it was entered and failed to do so without fault on his part. Rather, he wants to argue the merits of that conviction for the first time in these Rule 32 proceedings. He is precluded from doing so by Rule 32.2,[1] which provides that no relief is available upon any ground knowingly, voluntarily and intelligently not raised at trial or on appeal. Rule 32.2(c) provides that the trial court may infer from the lack of appeal that the petitioner knowingly, voluntarily and intentionally relinquished any right to raise issues in connection with his original conviction. *State v. Herrera*, 121 Ariz. 12, 588 P.2d 305 (1978)

makes clear that the preclusion of Rule 32.2 will be enforced except in exceptional circumstances. The trial court was therefore correct in denying relief on the basis of petitioner's challenge to his original conviction.

■ The same answer applies to petitioner's claim of invalidity of his revocation proceedings. The ground he now wishes to argue was raised in the trial court but not on appeal, although petitioner was represented by counsel, who filed a brief raising a different issue. Here again petitioner is neither within Rule 32.1 nor permitted to raise this issue now by an exception to Rule 32.2. He had an opportunity to raise it, chose not to do so, and is now precluded from raising it. The trial court properly denied relief on this ground.

■ In an attempt to avoid preclusion, however, petitioner has alleged with respect to his revocation proceedings that the very failure of his counsel to raise the particular issue now asserted amounted to a denial of the effective assistance of counsel, which he in turn wants considered as a constitutional ground for relief under Rule 32. In this connection, appellant says: "The test of effective counsel is whether the defense counsel's representation within the right of competence demanded of attorney in criminal cases [sic]." Whatever that quotation may mean, it is not the test of effectiveness of counsel in Arizona. The case cited for the quote, *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), was discussed by the Arizona Supreme Court in *State v. Watson*, 114 Ariz. 1, 559 P.2d 121 (1976), *cert. denied*, 430 U.S. 986,

---

1. Rule 32.2 provides as follows:

"a. *Preclusion*. A petitioner will not be given relief under this rule based upon any ground:
"(1) Still raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24;
"(2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding;
"(3) Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding.
"b. *Exceptions*. Rule 32.2 shall not apply to claims based on Rules 32.1(d), (e) and (g).
"c. *Inference of Waiver*. The court may infer from the petitioner's failure to appeal or to

raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, or his failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so.
"d. *Standard of Proof*. The prosecutor shall plead and prove any ground of preclusion by a preponderance of the evidence; however, the inference of section (c) shall be considered part of the evidence."

97 S.Ct. 1687, 52 L.Ed.2d 382 (1977), which was also cited by petitioner. Far from rejecting the "farce, sham or mockery of justice" standard, however, as argued by petitioner, that case specifically reaffirmed the Arizona rule that a conviction will be held invalid on the basis of ineffective assistance of counsel only if the representation was a farce, a sham, or a mockery of justice. In making this determination, the adequacy of representation is not to be judged by the harsh light of hindsight. *State v. Watson, supra*, 114 Ariz. at 14, 559 P.2d at 134. These standards were even more recently reiterated as Arizona's rules in *State v. Pacheco*, 121 Ariz. 88, 588 P.2d 830 (1978).

Applying these standards to this case, we do not believe that petitioner has shown that his representation on the appeal from his revocation proceedings was a farce, a sham, or a mockery of justice. Petitioner's counsel filed an *Anders*[2] brief on appeal, raising as the only issue that the term of probation alleged to have been violated was overbroad and vague. Petitioner's present counsel thinks that prior counsel should also have raised the issue raised in the trial court that no written term of appellant's probation was violated. This argument arises as follows. The term of petitioner's probation alleged to have been violated was No. 2, which required him to "report to the probation officer at least once each month in writing or in person and at all other times directed by the probation officer." Petitioner had been furnished this term in writing. However, in connection with the most recent reinstatement of probation preceding the revocation appealed from, petitioner had been sentenced to a year in the county jail. He was released on May 17, 1976. On May 20, 1976, the probation officer orally directed petitioner in person to report to his office on May 21, 1976. Petitioner did not do so, and that failure was the basis for revocation. Petitioner now argues that since one month had not elapsed, he was under no duty to report, and the probation officer had no authority to order him to do so, and in addition, even

if such authority existed, he was given no written instructions to report. Petitioner then claims that his revocation was based on violation of an oral term, which would be invalid. *See State v. Heasley*, 23 Ariz.App. 345, 533 P.2d 556 (1975). This is the omitted argument which petitioner says indicates ineffective counsel. We do not agree.

■ Petitioner is required to be given a written copy of the terms and conditions of his probation, and that was done here. One of those written terms required petitioner to report to the probation officer at all times directed by him. There must be some consideration given to the practical methods of carrying on the day to day activities of a probation officer, and we see no reason for requiring written notice every time such an officer directs a probationer to report to him. Of necessity, such directions may be given from time to time during the entire period of probation. Petitioner was given written notice of the requirement that he report as directed by the probation officer. When he failed to report as directed, he violated this written term, which was the basis for his revocation. His present arguments that a month had to elapse before he could be required to report, and that a written direction is necessary every time the probation officer wants him to report are specious. Appellate counsel, therefore, may very well have decided not to raise them on the ground that they are frivolous. Such a decision would not make the representation a farce, sham or mockery of justice, but a reasonable exercise of counsel's judgment.

In view of the foregoing, petitioner has not established that he was denied the effective assistance of counsel and he is therefore not entitled to relief on that ground. The trial court's actions were therefore correct, and the relief requested by petitioner is denied.

SCHROEDER, P. J., and OGG, C. J., concur.

2. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).