631 P.2d 523

**Michael Cordova GALAZ, Petitioner,**

**v.**

**James C. CARRUTH, Judge of the Pima County Superior Court, Respondent.**

**No. M–353.**

Supreme Court of Arizona,
In Banc.

July 6, 1981.

Michael Cordova Galaz, in pro. per.

Stephen D. Neely, Pima County Atty. by Lynne A. Gallagher, Tucson, for respondent.

CAMERON, Justice.

We accepted this petition for special action pursuant to Art. 6, § 5 of the Arizona Constitution and Rule 1, Rules of Procedure for Special Actions, 17A A.R.S. to determine whether Rule 32.5(b) of the Rules of Criminal Procedure, 17 A.R.S., requires the appointment of counsel when requested by an indigent defendant because of the importance of the question in the determination of post-conviction matters and because there is no equally plain, adequate, or speedy remedy by way of appeal.

The facts necessary for a determination of this matter are as follows. On 19 January 1981, defendant, a prisoner in the Arizona State Prison, filed a petition in the Pima County Superior Court for post-conviction relief pursuant to Rule 32 of the Rules of Criminal Procedure, 17 A.R.S., alleging various defects including denial of a speedy trial and excessive sentence. Defendant requested appointment of counsel, and in his petition to this court alleges an affidavit of indigency.

The State filed an opposition to the petition for post-conviction relief and moved for summary dismissal in the trial court. The State's motion was based upon the failure of the defendant to "strictly" comply with provisions of Rule 32, supra, and further that the defendant knowingly and voluntarily entered into a plea agreement, that he waived any question in regard to his right to a speedy trial, that the trial court did not abuse its discretion in sentencing, and that defendant could have raised these issues in a timely appeal. In the response to the petition for special action to this court, the State also raises jurisdictional, procedural, and evidentiary objections to the acceptance by this court of the petition for special action.

As to the right to counsel in criminal matters generally, Rule 6.1(b) of the Rules of Criminal Procedure, 17 A.R.S., reads as follows:

"b. Right to Appointed Counsel. An indigent defendant shall be entitled to have an attorney appointed to represent him in any criminal proceeding which may result in punishment by loss of liberty and in any other criminal proceeding in which the court concludes that the interests of justice so require."

If we assume, for the purposes of argument, that the instant case does not involve proceedings in which punishment by loss of liberty may result, the defendant already being deprived of his liberty, then the discretionary portion of the rule allowing the appointment of counsel only when the "court concludes that the interests of justice so require" would apply, and we would be required to determine only whether "the interests of justice" required the appointment of counsel in this case.

Rule 32, supra, however, contains a specific provision for the appointment of counsel in post-conviction matters. Rule 32.5(b) reads as follows:

"b. Appointment of Counsel. If the petitioner desires appointed counsel, he shall complete, under oath, the questionnaire required under Rule 6.4(b), whereupon the court, if satisfied that he is indigent, shall appoint counsel who may file an amended petition within 15 days of appointment."

It would appear that the general provision of Rule 6.1(b) regarding appointment of counsel is in conflict with the provisions of Rule 32.5(b) which specifically requires the appointment of counsel in post-conviction proceedings. There being a conflict in the rules, the specific will prevail over the general, *State v. Davis*, 119 Ariz. 529, 582 P.2d 175 (1978), and Rule 32.5(b) is controlling.

Rule 32.5(b) is mandatory. It says that "the court, if satisfied that he is indigent, *shall* appoint counsel * * *." (emphasis added) A review of the proceedings here indicates the wisdom of this rule. The opposition to the petition for post-conviction relief and motion for summary dismissal in the trial court, for example, asks that the court deny petitioner's request that he be granted relief from imposition of an excessive sentence because "Petitioner does not contend that the sentence imposed exceeded the maximum authorized by law." It may well be that the defendant, in his inartful way, is contending just that. Not knowing the subtleties of the law or the pleadings under the Rule, defendant is at a definite disadvantage in presenting his case. Not only the defendant but the court can be assisted by having counsel present this matter to the court. If the defendant is found to be indigent, as most prisoners are, Rule 32.5(b), supra, requires that counsel be appointed.

Relief granted. Remanded for the appointment of counsel and the hearing on the petition for post-conviction relief.

HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.

STRUCKMEYER, Chief Justice, dissenting.

I cannot agree with the disposition of this case. The provisions of Rule 6.1(b) regarding appointment of counsel for indigents is not in conflict with the provisions of Rule 32.5(b). Rule 6.1(b) provides under what circumstances an indigent defendant shall be entitled to have an attorney appointed. Rule 32.5(b) provides if the petitioner desires appointed counsel, he shall complete under oath the questionnaire provided for in Rule 6.4(b) pertaining to his financial resources. If the court is satisfied that the petitioner is indigent, it shall appoint counsel. But Rule 32.5(b) should not be read in a vacuum. It should be read in the light of the language of Rule 6.1(b), which says that if a defendant is indigent, he is still entitled to appointed counsel only in "proceedings in which the court concludes that the interests of justice so require."

The comment to Rule 32.5(b) recognizes that 32.5(b) must be read together with 6.1(b). The first sentence of the comment states:

"The procedures and standards for appointment of counsel are intended to conform with those in Rule 6."

While it is to be recognized that to proceed without counsel is an inefficient method of treating the substantive merits of applications for post-conviction relief, the commentary to Rule 4.4, Standards Relating to Post-Conviction Remedies of the American Bar Association Standards for Criminal Justice, Approved Draft, specifically states:

"On the other hand, it is not necessary to appoint counsel for every application. If an application, in light of the state's response, raises no claim cognizable in a post-conviction proceeding, it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application."

The application in the Superior Court of Pima County does not raise a claim cognizable in an Arizona post-conviction proceed-

ing. See Rule 32.1, which specifies the grounds for post-conviction relief. Petitioner asserted in his petition for post-conviction relief in Pima County "that he had been denied a fast and speedy trial and that he was excessively and harshly sentenced * * *." These are not grounds for relief under Rule 32.1. In *State v. Salazar*, 122 Ariz. 404, 406, 595 P.2d 196, the Court said:

"Rule 32.1 defines the scope of the remedy available and specifies the only permissible grounds for relief."

This Court, in *State v. Guthrie*, 111 Ariz. 471, 473, 532 P.2d 862, said:

"Post conviction relief is not designed to add to the law's delays by giving an accused three days in court where one is sufficient for doing substantial justice under fundamental law nor to grant an additional and fully repetitious appeal, * * *."

The Superior Court of Pima County recognized this, for after having examined Galaz's application for post-conviction relief it entered the following order:

"The Court has received this date defendant's petition for post conviction relief, it has reviewed the petition and files and records in this matter.

The Court is of the opinion that no material issue of fact or law exists which would entitle the petitioner to relief under Rule 32 and that no purpose would be served by any further proceedings.

IT IS ORDERED that the Petition is DENIED."

Nonetheless, this Court now directs that this matter go back to the trial court for appointment of counsel. For what purpose! Seemingly to pursue matters which are not within the scope of post-conviction relief.

The opinion does not construe the rules of criminal procedure sensibly or as a harmonious whole. It requires counsel for every applicant for post-conviction relief even where "the interests of justice" do not require it. It places an unnecessary expense on the state to provide counsel, solely to the end that a convict can engage in frivolous attacks on his conviction and waste the time of both the court and county attorney.