NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TRAVIS WADE AMARAL, *Petitioner*.

No. 1 CA-CR 13-0502 PRPC

FILED 2-12-2015

Petition for Review from the Superior Court in Yuma County
No. S1400CR9218761
The Honorable Lawrence C. Kenworthy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yuma County Attorney's Office, Yuma
By Jon R. Smith
*Counsel for Respondent*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill, Judge Kenton D. Jones, and Judge Donn
Kessler delivered the following decision.

**PER CURIAM**:

¶1         Travis Wade Amaral petitions this Court for review of the trial court's summary dismissal of his second petition for post-conviction relief. We have considered his petition, and for the reasons stated, grant review but deny relief.

¶2         In 1993, Amaral pleaded guilty to two counts of first degree murder and one count of attempted armed robbery; he committed the offenses when he was sixteen years old. In accordance with the terms of the plea agreement, the trial court sentenced Amaral to two life terms of imprisonment without the possibility of release for twenty-five years on the murder convictions and 7.5 years' imprisonment on the conviction for armed robbery, with the three prison terms to run consecutively.

¶3         Following his sentencing, Amaral filed a timely notice of post-conviction relief. Appointed counsel notified the trial court that after review of the record he found no basis on which to seek post-conviction relief, and the trial court granted Amaral the opportunity to file a supplemental petition. The trial court construed three letters Amaral submitted to the court complaining about his sentences and his trial counsel's conduct at the mitigation hearing as a supplemental petition, but dismissed the petition, finding Amaral failed to present a colorable claim for relief. This Court denied review of the trial court's ruling. *State v. Amaral*, 1 CA-CR 95-0732 PR (Ariz. App. Apr. 8, 1996) (decision order).

¶4         In 2010, Amaral filed a second notice of post-conviction relief, indicating his intent to raise claims of ineffective assistance of post-conviction relief counsel, newly discovered evidence, and significant change in the law. Amaral subsequently filed his second petition for post-conviction relief in 2012, in which he sought resentencing based upon *Miller v. Alabama*, 132 S. Ct. 2455 (2012), arguing *Miller* was a significant change in the law that entitled him to relief. Specifically, Amaral claimed his consecutive sentences were the functional equivalent of life without parole in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. In addition, Amaral argued that recent scientific studies cited in *Miller* concerning juvenile psychology and neurology constituted newly discovered material facts that would have probably changed his sentences. The trial court summarily dismissed his petition for post-conviction relief, finding his claim for ineffective assistance of counsel was procedurally precluded, and he had otherwise not raised any claim that presented a material issue of fact or law that would entitle him to relief. Amaral then filed this petition for review.

¶5        On review, Amaral does not state how the trial court erred in dismissing his petition, but simply reurges his claims that *Miller* is a significant change in the law entitling him to relief and that recent scientific studies and discoveries regarding juvenile psychology and neurology constitute newly discovered material facts that would have probably changed his sentences. *See* Ariz. R. Crim. P. 32.1(e), (g); Ariz. R. Crim. P. 32.4(a) (providing claims of significant change in law and newly discovered material facts can be raised in a successive or untimely petition for post-conviction relief). We review the summary dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

¶6        In *Miller*, the United States Supreme Court held "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" violates the Eighth Amendment. 132 S. Ct. at 2469. The Court, however, expressly declined to address any "argument that the Eighth Amendment requires a categorical bar on life without parole for juveniles." *Id.* Instead, the Court limited its holding, only requiring a sentencing court have the ability to consider "an offender's age and the wealth of characteristics and circumstances attendant to it" in determining whether a juvenile should be sentenced to life without parole. *Id.* at 2467. To the extent Amaral's claims can be viewed as an invitation to extend *Miller*'s holding further than the Supreme Court was willing to extend it, we decline to do so.

¶7        Further, there was no abuse of discretion by the trial court in ruling that *Miller* did not constitute a significant change in the law that would entitle Amaral to relief.[1] First, Amaral was not sentenced to life without parole; both life sentences provided for the possibility of parole after twenty-five years. Second, although the consecutive nature of the three sentences requires that Amaral serve a minimum of 57.5 years, the length of the consecutive sentences does not make them the functional equivalent of a life sentence without parole. *See State v. Kasic*, 228 Ariz. 228, 231-33, ¶¶ 12, 20-21, 265 P.3d 410, 413-15 (App. 2011) (upholding combined sentences of 139.75 years for a juvenile against Eighth Amendment attack). Third, the consecutive nature of the sentences was not mandatory. Under Arizona law, whether to impose consecutive or concurrent sentences rests with the discretion of the trial judge. *See* Ariz. Rev. Stat. § 13-708 (1991);

---

[1]        Because we conclude Amaral is not entitled to relief in any event, we need not determine whether *Miller* is applicable retroactively to his case under the analysis outlined in *Teague v. Lane*, 489 U.S. 288 (1989).

*State v. Girdler*, 138 Ariz. 482, 489, 675 P.2d 1301, 1308 (1983). The trial court only determined consecutive sentences to be appropriate after considering testimony provided at a mitigation hearing by Amaral, his parents, and a clinical physiologist, together with multiple mental evaluations of Amaral, which addressed, among other matters relevant to sentencing, Amaral's age and the "characteristics and circumstances attendant to it." Moreover, in imposing the consecutive sentences, the trial court expressly took into consideration Amaral's age and found it to be a mitigating factor, but concluded it was not sufficient to support the imposition of concurrent sentences "in light of the circumstances surrounding the offenses [and Amaral's] very deliberate action in them." Accordingly, Amaral's challenge to his consecutive sentences based upon *Miller* is without merit.

**¶8** There was likewise no error by the trial court in ruling that Amaral failed to state a colorable claim of newly discovered evidence. One of the requirements for a claim of newly discovered evidence is that "the evidence must appear on its face to have existed at the time of trial but be discovered after trial." *State v. Bilke*, 162 Ariz. 51, 52, 781 P.2d 28, 29 (1989). The newly discovered evidence on which Amaral bases his claims consists of behavioral studies and neurological discoveries based on new MRI technology in the twenty-plus years since his sentencing. Because this evidence did not exist at the time of his sentencing, it does not qualify as "newly discovered evidence" that would entitle Amaral to relief under Rule 32. *State v. Sanchez*, 200 Ariz. 163, 166-67, ¶ 11, 24 P.3d 610, 613-14 (App. 2001); *see also State v. Guthrie*, 111 Ariz. 471, 473, 532 P.2d 862, 864 (1975) ("Rule 32.1(e) has not expanded the law to relieve appellant from the consequences of a sentence because of facts arising after the judgment of conviction and sentencing.").

**¶9** For the foregoing reasons, we grant review of Amaral's petition for review, but deny the requested relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama