NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT TINGUE, *Petitioner*.

No. 1 CA-CR 24-0011 PRPC
FILED 12-03-2024

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201800699
The Honorable Krista M. Carman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Nathan R. Best
*Counsel for Respondent*

Robert Tingue, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

¶1        Petitioner Robert Tingue petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2020, a jury convicted Tingue of two counts of theft, two counts of criminal damage, two counts of trafficking in stolen property in the first degree, and one count of possession of drug paraphernalia. The trial court sentenced him to consecutive and concurrent terms totaling 19.5 years in prison. On direct appeal, this Court reversed one conviction for trafficking in stolen property but affirmed the remaining convictions and sentences. *State v. Tingue*, 1 CA-CR 20-0297, 2021 WL 2425906, at *1 ¶ 1 (App. June 15, 2021).

¶3        Tingue filed a timely notice for post-conviction relief. In his petition he alleged that two new witnesses could testify that another man had committed the crimes he was imprisoned for. *See* Ariz. R. Crim. P. 32.1(e). Finding the claim colorable, the trial court held an evidentiary hearing. Tingue attended the hearing virtually. Only one of the two alleged witnesses testified at the hearing. After the defense rested, the court lost connection with Tingue. Defense counsel waived Tingue's presence for the remainder of the hearing, which consisted of closing arguments. The trial court later dismissed Tingue's petition, finding the new witness' testimony, comprising mainly of hearsay and double hearsay, to hold little weight.

¶4        Tingue then filed a *pro per* motion for rehearing, objecting to the trial court's ruling because he was not present for the entire hearing and was unable to testify. He states he would have testified about the lack of evidence supporting his convictions. In denying the motion, the trial court found that Tingue did not intend to testify because the defense had rested

before the court lost connection to Tingue. Tingue timely filed a petition for review of post-conviction relief. We have jurisdiction. *See* A.R.S. § 13-4239; Ariz. R. Crim. P. 32.16.

## DISCUSSION

**¶5** Tingue raises three arguments in his petition. First, he contends that his right to testify was violated and that defense counsel knew he wished to testify. The trial court found that the defense rested before connection with Tingue was lost. On review, Tingue failed to attach a transcript of the hearing. *See State ex rel. Brnovich v. Miller*, 245 Ariz. 323, 324 ¶ 5 n.1 (App. 2018). Therefore, we assume the missing portions of the record support the trial court's findings and ruling. *Id.* Accordingly, even if Tingue remained connected, he could not have testified. We find no error.

**¶6** Next, Tingue disputes the sufficiency of the evidence; however, insufficiency of the evidence is not a ground for relief under Arizona Rule of Criminal Procedure ("Rule") 32. *See State v. Salazar*, 122 Ariz. 404, 406 (App. 1979); Ariz. R. Crim. P. 32.1. To the extent he accuses the state of misconduct or perjury, the claim is waived. *See State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) (this Court will not hear matters raised for the first time in a motion for rehearing).

**¶7** Lastly, Tingue claims post-conviction relief counsel was ineffective for waiving Tingue's presence at the end of the evidentiary hearing. As a nonpleading defendant, Tingue has no constitutional right to counsel in a post-conviction proceeding, and thus, no claim under Rule 32. *See State v. Escareno-Meraz*, 232 Ariz. 586, 587 ¶ 4 (App. 2013).

## CONCLUSION

**¶8** We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: TM