650 P.2d 480

**STATE of Arizona, Petitioner,**

v.

**John Landon PIKE, Respondent.**

**No. 1 CA–CR 5576–PR.**

Court of Appeals of Arizona,
Division 1, Department B.

June 22, 1982.

Rehearing Denied Aug. 18, 1982.

Review Denied Sept. 19, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for petitioner.

Roger W. Miller, Phoenix, for respondent.

## OPINION

JACOBSON, Presiding Judge.

The question before the court is whether the trial court erred in reducing the defendant's sentence from not less than 40 nor more than 50 years to not less than 15 nor more than 30 years. The state brings this petition for review pursuant to 17 A.R.S., Rules of Criminal Procedure, Rule 32.9, from the trial court's order granting the defendant's petition for post-conviction relief, and denying the state's motion for rehearing. We find that the trial court did err in granting the petition for post-conviction relief.

On July 10, 1975, the defendant was convicted of possession of dangerous drugs for sale in violation of the former A.R.S. §§ 32–1970(C), 32–1996(C), and 32–1901, and was sentenced to serve a term of not less than 40 nor more than 50 years in the Arizona State Prison. The defendant filed a timely notice of appeal, and his conviction and sentence were affirmed by the supreme court in *State v. Pike,* 113 Ariz. 511, 557 P.2d 1068 (1976). When the defendant was convicted, the statute under which he was sentenced provided that a person who was convicted of possession of a dangerous drug for sale could be punished by imprisonment in the state prison for a term of one year to life. Subsequent to the defendant's conviction, the legislature amended the statute making possession for sale of a controlled substance a class 2 felony and set the punishment for this, as a second offense with a prior felony, at not more than 21 years with the presumptive sentence as 10.5 years.

The defendant filed a petition for post-conviction relief seeking to have his sentence modified on the grounds that the original sentence imposed was excessive to the point of being a cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. The defendant also attached to the petition for post-conviction relief numerous letters of recommendation attesting to his

rehabilitation since the date of his incarceration. The state responded to the petition for post-conviction relief arguing that the defendant was precluded from seeking the relief requested because he had failed to raise the issue on appeal, and further arguing that the defendant could not obtain relief because he had failed to directly attack the constitutionality of the former A.R.S. § 32–1970(C). *See State v. O'Neill,* 117 Ariz. 343, 572 P.2d 1181 (1977).

On July 31, 1981, the trial court entered its order granting the petition for post-conviction relief and sentencing the defendant to serve a term of not less than 15 nor more than 30 years in the Arizona State Prison, ostensibly in order to make the defendant eligible for parole on May 1, 1985, which is when the defendant would be eligible for parole had he been sentenced under the 1979 session laws' criminal code. The state timely filed a motion for rehearing which was denied on August 13, 1981, and on August 19, 1981, the state filed a petition for review.

 The threshold question presented is whether the trial court had jurisdiction in the Rule 32 proceedings to modify the sentence originally imposed. It is clear in Arizona that the trial court has no inherent authority to modify a sentence already lawfully imposed. *State v. Filipov,* 118 Ariz. 319, 576 P.2d 507 (App.1977). It is equally clear that the trial court may not modify a sentence which has been affirmed on appeal when the defendant claims in Rule 32 proceedings that he has been rehabilitated since the imposition of sentence. *State v. Guthrie,* 111 Ariz. 471, 532 P.2d 862 (1975); *State v. Zebrowski,* 24 Ariz.App. 452, 539 P.2d 926, *approved,* 112 Ariz. 433, 543 P.2d 119 (1975). Thus, the trial court commits legal error in attempting to modify a sentence based on the defendant's claim that he had been rehabilitated. We assume the trial court was aware of these rules and did not consider legally impermissible matters in reducing sentence. Therefore, in review-

ing this matter this court will not consider the evidence presented by the defendant of his rehabilitation inasmuch as the evidence is irrelevant by operation of law. However, in order to attack the validity of a sentence in the collateral proceedings pursuant to Rule 32, a defendant may assert grounds which bring him under the rule and thus afford the trial court jurisdiction to act within the purview of the rule.

In the instant case, the defendant did allege that his original sentence of not less than 40 nor more than 50 years was cruel and unusual and in violation of the Eighth Amendment of the Constitution to the United States. 17 A.R.S., Rules of Criminal Procedure, Rule 32.1(a), provides that a defendant may secure appropriate relief on the grounds that his sentence was in violation of the Constitution of the United States. Thus, the trial court did have jurisdiction to review the defendant's claim. We find, however, that the sentence originally imposed on the defendant was not cruel and unusual under the facts of the case as they existed at the time the defendant was sentenced.

The defendant claimed in the Rule 32 proceedings that the sentence originally imposed on him was grossly disproportionate to the severity of the crime. Any analysis of an Eighth Amendment claim concerning disproportionality must begin with *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). In that case, the Supreme Court held that Rummel's sentence of life imprisonment mandated by the Texas recidivist statute for his third felony conviction did not violate the Eighth Amendment.[1] In that case Rummel argued that his life sentence was grossly disproportionate to the severity of the crime. In rejecting Rummel's argument, the Supreme Court noted that the proportionality principle applied primarily in cases involving the death penalty because of the unique nature of the death penalty for purposes of Eighth Amendment analysis. The Supreme Court

---

1. Rummel was originally convicted in 1964 of fraudulent use of a credit card to obtain $80.00 worth of goods or services; in 1969 he was convicted of passing a forged check in the amount of $28.36; and in 1973, he was convicted of obtaining $120.75 by false pretenses.

also noted that the proportionality principle had been applied and could in the future be applied in an extreme case not involving the death penalty. *See Weems v. United States,* 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910). However, concerning cases not involving the death penalty or other unique punishments such as that considered in *Weems,* the Supreme Court in *Rummel* wrote:

Given the unique nature of the punishments considered in Weems and in the death penalty cases, one could argue without fear of contradiction by any decision of this Court that for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative.

445 U.S. at 274, 100 S.Ct. at 1139, 63 L.Ed.2d at 391.

In deferring to the legislative prerogative to establish terms of sentences, the Court also stated that there was no clear way to make "any constitutional distinction between one term of years and a shorter or longer terms of years." 445 U.S. at 275, 100 S.Ct. at 1140, 63 L.Ed.2d at 391. The Supreme Court recently had occasion to apply *Rummel* in *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982). In *Hutto,* the defendant was convicted of possession of nine ounces of marijuana having a street value of $200.00 with the intent to distribute the marijuana. He was sentenced to a $10,000 fine and 20 years imprisonment on each of the two charges with the prison terms to run consecutively. In the per curiam opinion dismissing the defendant's habeas corpus petition, the Supreme Court wrote:

In short, Rummel stands for the proposition that federal courts should be "reluctan[t] to review legislatively mandated terms of imprisonment," [citation omitted], and that "successful challenges to the proportionality of particular sentences" should be "exceedingly rare" [citation omitted].

—— U.S. at ——, 102 S.Ct. at 705, 70 L.Ed.2d at 560.

■ Applying the standards enunciated in *Rummel supra,* to the facts of the instant case, we conclude that the fixing of sentences for particular offenses is a matter properly left to the legislature, and that only in the most extreme case is it appropriate for the courts to interfere with the legislative prerogative. Indeed, statutes authorizing the term of life imprisonment for the sale of heroin have been upheld in Arizona as not violative of the constitutional prohibition against cruel and unusual punishment. *See State v. Guthrie, supra; State v. Espinosa,* 101 Ariz. 474, 421 P.2d 322 (1966).

■ In light of *Hutto* and the Arizona case law, we cannot say that the authorization of a sentence of from one year to life for possession of dangerous drugs for sale is violative of any constitutional protection against cruel and unusual punishment. We thus conclude that the sentence originally imposed on the defendant in this case was not violative of the Eighth Amendment. First, it is clear that a sentence within the statutory limits is not cruel and unusual punishment where the statute fixing the punishment is not unconstitutional. *State v. Guthrie, supra.* Second, the defendant's record in this case reveals a long history of drug related offenses. Moreover, following the defendant's conviction but prior to sentencing, he failed to make himself available to the adult probation office for the preparation of a complete presentence report, and he failed to appear for sentencing, requiring the trial court to issue a bench warrant for his arrest. Under these circumstances, we find no infirmity in the sentence originally imposed on the defendant, and we further find that the trial court abused its discretion in modifying the sentence.

For the foregoing reasons, the trial court's order of July 31, 1981, is vacated, and the sentence previously imposed of not less than 40 nor more than 50 years in the

**182**

Arizona State Prison to date from May 1, 1975 is hereby reinstated.

GRANT, J., and RICHARD M. DAVIS, J. Pro Tem., concur.

NOTE: The Honorable Richard M. Davis, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.