667 P.2d 1331

**The STATE of Arizona,
Appellee/Respondent,**

v.

**Stephen BISHOP, Appellant/Petitioner.**

**Nos. 2 CA–CR 2436, 2 CA–CR 2633–2PR.**

Court of Appeals of Arizona,
Division 2.

March 24, 1983.

Rehearing Denied May 23, 1983.

Review Denied June 10, 1983.

---

Robert K. Corbin, Atty. Gen., by William J. Schafer III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee/respondent.

Frederic J. Dardis, Pima County Public Defender by Frank P. Leto, Asst. Public Defender, Tucson, for appellant/petitioner.

## OPINION

HATHAWAY, Judge.

Appellant was tried to a jury and convicted of five counts of armed robbery, nine counts of kidnapping, one count of aggravated assault and one count of theft. An allegation of prior conviction and dangerous nature was filed for enhancement of punishment. Appellant was sentenced to 21 years imprisonment on counts 1–5, 28 years imprisonment on counts 6–9 to run consecutive to counts 1–5, 35 years imprisonment on counts 10, 12–15, to run consecutive to counts 1–5 and 6–9, and 25 years imprisonment for count 11, to run concurrent with counts 10, 12–15, and consecutive to previous sentences.

Appellant contends on appeal that the trial court erred (1) when it found him competent to stand trial; (2) in not granting a longer continuance to locate a witness; (3) in dismissing his Rule 32 claim that he was convicted on perjured testimony; (4) in ordering his leg secured to his chair; (5) by imposing excessive sentences and by improperly imposing consecutive sentences. We affirm.

The charges arose from an episode beginning on the evening of November 30, 1979, when appellant entered a Dairy Twin in Tucson, threatened occupants with a silver handgun and forced them to lie on the floor while he took cash from a cash register and a silver certificate from one of the persons present. He tore out the telephone, fired shots at the ceiling and wall and warned those present to stay still for 10 minutes. He proceeded to a Circle K where he terrorized those present with his pistol, took cash from the register, including a bait bill that tripped a camera that photographed him. He fired another shot and warned those present to stay on the floor for 10 minutes. He next went to Zantigos store where he grabbed a person by the throat and forced others to lie on the floor, took bank bags of money from the safe and fired two shots. A customer at the drive-in window observed appellant, followed him and got his vehicle license number for the police. When police attempted to apprehend appellant, he abandoned his vehicle and ran. When captured, he had a large number of bills in his possession, including the bait bill which triggered the camera at the Circle K and the silver certificate. A silver handgun matching the one used in the robberies was found nearby and ballistics confirmed it as the weapon fired during the robberies. The stolen bank bags and telephone were found in the abandoned vehicle.

## I

In March of 1980, the trial court determined that appellant was incompetent to be tried based on psychiatric reports. Appellant was reexamined and found competent to stand trial in July of 1980. Defense counsel sought in April of 1981 to have appellant reexamined to determine if he was competent to stand trial in view of a recent suicide attempt, depression and withdrawal which allegedly interfered with his ability to communicate with counsel. The trial court arranged for an interview with appellant by the staff psychiatrist of Kino Community Hospital to determine if there was a reasonable basis to believe that appellant was incompetent to stand trial. The staff psychiatrist filed a written report giving an opinion that the appellant was competent to stand trial.

Rule 11.1 of the Arizona Rules of Criminal Procedure, provides:

"A person shall not be tried, convicted, sentenced or punished for a public offense while, as a result of a mental illness or defect, he is unable to understand the proceedings against him or assist in his own defense."

An accused has the right to a mental examination and hearing to determine his competence where "reasonable grounds" exist to support the examination and hearing. *State v. Steelman,* 120 Ariz. 301, 585 P.2d 1213 (1978); see also Rule 11.3(a). We are of the opinion that the trial court properly exercised its discretion in concluding that a Rule 11 examination was unnecessary. The appellant's competency to stand trial had been extensively reviewed and determined prior to trial. The prior determination, of course, is not conclusive since obviously a party's mental condition may change from one of lucidity to incompetence in a short period of time. Nevertheless, the trial court may consider such examinations, particularly when recently made, as in the instant case. Moreover, the trial judge who disallowed the Rule 11 reexamination had presided at the prior competency hearing which was submitted to the court by stipulation on the basis of the psychiatric reports and was in a position to observe the appellant. In *State v. Messier,* 114 Ariz. 522, 562 P.2d 402 (App.1977), the court of appeals approved of a preliminary hearing to determine if the request for mental examination established the requisite "reasonable grounds." The court cautioned that the trial judge must exercise care to ensure that such preliminary hearing did not become a substitute for a determination of competency itself. The record does not indicate that to be the case here. Furthermore, appellant's application was deficient in that it was based only upon counsel's assertions in the application and a newspaper article attached thereto. *Langley v. State,* 84 Nev. 295, 439 P.2d 986 (1968). The trial court has broad discretion in determining whether reasonable grounds exist to order a competency examination. We conclude from the record that the trial court acted well within that discretion. *State v. Ortiz,* 117 Ariz. 264, 571 P.2d 1060 (App.1977).

II

Appellant contends that the trial court's failure to grant his motion to continue in order for him to have sufficient time to subpoena or depose his wife denied him the right to a fair trial and the right to present a defense. Defense counsel expressed his intent to call Mrs. Bishop as a witness at trial because

". . . she is one of the few persons who are closely associated with the defendant and who observed his behavior just prior to the incident for which he is on trial. . . . [her] testimony . . . is indispensable to the defense because it provides a factual predicate for the defense of insanity."

It is contended that defense counsel had been led to believe by Mrs. Bishop that she would be willing to return from Sparks, Nevada to testify in her husband's behalf. About May 11, 1981, defense counsel received a letter from Mrs. Bishop indicating that she would not return to Tucson to testify, but that she would consent to a deposition. Counsel then moved on May 15, 1981, to continue the trial to allow him to subpoena or depose her. A one-day continuance was granted and the trial was moved from May 20 to May 21. The trial court told defense counsel to prepare the paperwork to subpoena the out-of-state witness and observed that several days would be available to accomplish this before the defense put on its case. The court offered to contact a Nevada judge to inquire about service of the subpoena. No subsequent request for help was made by defense counsel, nor was there a subsequent request for a continuance. Attempts to serve the witness in Nevada failed and she could not be found at the address which had been previously furnished. No indication appears in the post-trial proceedings that the witness has ever been found.

The granting or denial of a continuance to secure the attendance of a witness lies within the sound discretion of the trial court. *State v. Benge,* 110 Ariz. 473, 520 P.2d 843 (1974). There is no real showing that the witness would have furnished testimony that would have altered the outcome of the case. We find no abuse of the trial court's discretion in a one-day continuance granted under the circumstances of this case.

### III

Appellant contends that the use of false or perjured testimony by the state requires that his conviction be reversed and that the denial of his petition for post-conviction relief on this ground was error. His sole defense at trial was insanity and Dr. Gurland testified that he was insane because he had entered a disassociative state at the time of the criminal activity and did not know the nature and quality of his acts or know right from wrong. One characteristic of this disassociative state is the inability to remember circumstances of the events. The prosecution attempted to establish that the appellant did remember Officer Sanders who was present at his arrest, when he called the officer from the jail three days after his arrest. Appellant's position is that he discovered through an examination of the telephone logs at the jail that he had placed no such call. He then filed a petition for postconviction relief on the grounds that his conviction was obtained by the unconstitutional use of perjured testimony. The state's position is that the testimony given by Sanders and the prosecutor's argument based thereon, emphasize Sanders' observation of appellant and appellant's recognition of Sanders at the meeting. The state's position is that Sanders went to the jail in response to a message from appellant, though not specifically a telephone message. The record bears this out.

A petition for postconviction relief is addressed to the sound discretion of the trial court, *State v. Littles,* 123 Ariz. 427, 600 P.2d 40 (App.1979), and we do not believe that the mere absence from the telephone logs of a call placed by appellant tainted Sanders' testimony or that the verdict would have been altered. Dismissal of the Rule 32 petition was proper.

### IV

The trial court ordered that appellant be shackled by securing one leg to his chair. It was accomplished in a manner that would make it inconspicuous to the jury. Whether to permit a defendant to be shackled during trial is generally within the sound discretion of the trial court. *State v. Reid,* 114 Ariz. 16, 559 P.2d 136 (1976). The trial court had good reason for permitting the shackling in view of the appellant's record of escape and an incident involving hostage taking. He was also involved in an abusive outburst in the courtroom during pretrial. We find that the shackling order was justified.

### V

Appellant contends that his sentence is excessive. Sentencing is within the discretion of the trial court, and we will not interfere unless it clearly appears that the sentence imposed is excessive and the result of an abuse of discretion. *State v. Ferreira,* 128 Ariz. 530, 627 P.2d 681 (1981). A sentence within the statutory limits is not cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution where the statute fixing the punishment is not unconstitutional. *State v. Pike,* 133 Ariz. 178, 650 P.2d 480 (App. 1982). Appellant's criminal history and the nature of the offenses involved in the instant case support the sentences imposed.

Appellant complains that the court did not state the reason for the consecutive sentences as required by A.R.S. § 13–708. The court stated the reasons for imposing maximum sentences when giving the aggravated terms. The reasons need not be stated twice, once to comply with A.R.S. § 13–702(C) and once to comply with A.R.S. § 13–708. The reasons appear in the record.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.