800 P.2d 992

**STATE of Arizona, Respondent,**

v.

**Calvin Collins COOPER, Petitioner.**

**Nos. 1 CA–CR 88–1239–PR to 1 CA–CR 88–1242–PR.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 25, 1990.

Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for respondent.

Dean W. Trebesch, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

CLABORNE, Presiding Judge.

Calvin Cooper (petitioner) filed petitions for review from the trial court's summary denial of his petitions for post-conviction relief. The issue is whether petitioner raised a colorable claim of newly-discovered evidence which might have affected his sentence and, if so, whether the trial court is precluded from resentencing petitioner because of the stipulated sentences in his plea agreements.

### I. *Background*

Petitioner, in four separate plea agree-

ments, entered *Alford*[1] pleas to five counts of second degree burglary, four counts of theft, and one count of possession of burglary tools. The trial court sentenced petitioner to a total of fifteen years in prison, which was required by the plea agreements. Petitioner filed an appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court affirmed the judgment and sentences on January 12, 1988.

Approximately six months after he was sentenced, petitioner entered a blood donor program. He then learned that he was infected with the human immunodeficiency virus (HIV). Petitioner filed a petition for post-conviction relief on July 6, 1988, claiming that his medical condition constituted a "newly-discovered material fact" which might cause the trial court to vacate his sentences. He also claimed that, in light of the terminal nature of his illness, the sentences are cruel and unusual punishment.[2]

The trial court summarily denied the petition on the following grounds:

IT IS ORDERED denying the defendant's Petition for Post–Conviction Relief. Although the Court is not unsympathetic with the problems that the defendant is experiencing, it is without legal authority to reduce or modify the defendant's sentence in any way. *State v. Pike,* 133 Ariz. 178, 180 [650 P.2d 480, 482] (App.1982). Since the defendant has failed to present any material question of fact or law that would entitle him to post-conviction relief, and that no purpose will be served by any further proceedings,

IT IS ORDERED dismissing the defendant's Petition. Rule 32.6(c), Rules of Criminal Procedure.[3]

Petitioner moved for a rehearing, which was also denied. This petition for review followed.

## II. *Discussion*

■ As a general rule, we consider only those issues stated with particularity in the motion for rehearing following the trial court's denial of post-conviction relief. *State v. Thompson,* 139 Ariz. 552, 554, 679 P.2d 575, 577 (App.1984). Petitioner, in his motion for rehearing, requested the court to vacate his sentences based upon newly-discovered evidence. He did not reargue the claim of cruel and unusual punishment. Accordingly, petitioner appears to have abandoned this point.[4]

### A. *Jurisdiction*

■ The state maintains that the trial court lacks jurisdiction to modify petitioner's sentences because they have been affirmed on appeal. In Arizona, trial courts

---

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. A recent study published by the Massachusetts Medical Society indicates that although AIDS may occur in HIV-infected persons within twelve months, approximately fifty percent of HIV-infected persons develop AIDS within ten years of infection. *The AIDS Knowledge Base,* ch. 1.1.6 (Mass. Medical Society, 1990). There is little research at the present time as to the progression rate after ten years.

3. Although the court vacated this August 22, 1988 minute entry on August 30, 1988, the court denied the petition once again on September 13, 1988, and stated that it was doing so for the same reasons as outlined in its August 22, 1988 order.

4. Even if petitioner had preserved this claim for review, it does not appear that he would be entitled to relief. In the original petition, petitioner did not attack the statutes under which he was sentenced, but instead argued that the sentences are cruel and unusual punishment in light of his terminal illness. Arizona courts have consistently held that a sentence which falls within statutory limits is not cruel and unusual punishment unless the statute itself is unconstitutional. *See, e.g., State v. Bishop,* 137 Ariz. 5, 9, 667 P.2d 1331, 1335 (App.1983). Furthermore, jurisdictions which have considered the issue have concluded that simply because a prisoner develops AIDS does not render the sentence cruel and unusual punishment. *See People v. Escobales,* 146 Misc.2d 573, 551 N.Y. S.2d 757 (1990) (incarceration of defendant who obtained negotiated plea for minimum statutory sentence of two to four years was not cruel and unusual punishment, although it was discovered during incarceration he was inflicted with AIDS with a life expectancy of twelve to eighteen months); *Commonwealth v. O'Neil,* 393 Pa.Super. 111, 573 A.2d 1112 (1990) (sentencing of HIV infected convict to imprisonment not *per se* cruel and unusual).

have no inherent authority to modify a sentence lawfully imposed, nor may trial courts modify a sentence once affirmed on appeal. *State v. Pike*, 133 Ariz. 178, 180, 650 P.2d 480, 482 (App.1982). *See also State v. Guthrie*, 111 Ariz. 471, 473, 532 P.2d 862, 864 (1975) (trial court may not redetermine a valid sentence after affirmance on appeal). A defendant may, however, attack the validity of a sentence in proceedings brought pursuant to Rule 32, Arizona Rules of Criminal Procedure, if the defendant asserts grounds which bring the rule into play. *Pike*, 133 Ariz. at 180, 650 P.2d at 482.

■ Rule 32.1(e) permits a defendant who has been convicted or sentenced to secure relief on the grounds that newly-discovered material facts exist which, if introduced, might have affected the verdict, finding or sentence. *State v. Bilke*, 162 Ariz. 51, 52, 781 P.2d 28, 29 (1989). In *Guthrie*, the court held that the defendant's contention that he had been rehabilitated pending appeal was not a "newly-discovered fact" within the meaning of Rule 32.1(e). 111 Ariz. at 473, 532 P.2d at 864. Rather, said the court, the defendant sought "review of circumstances which arose subsequent to the imposition and affirmance of [his] sentence" and, thus, the trial court lacked jurisdiction to hear evidence on the issue of the defendant's sentence. *Id.*

Petitioner, on the other hand, claims that his medical condition existed at the time of sentencing. Assuming petitioner is correct, the trial court has jurisdiction to examine his sentences pursuant to Rule 32.

### B. Colorable Claim of Newly–Discovered Evidence

In his petition for post-conviction relief, petitioner requested a hearing on his claim that his medical condition constituted a "newly-discovered material fact." The trial court summarily denied the petition and the motion for rehearing.

■ A defendant is entitled to an evidentiary hearing on a allegation of newly-discovered evidence if the defendant presents a "colorable claim." *State v. Jeffers*, 135 Ariz. 404, 427, 661 P.2d 1105, 1128, *cert. denied*, 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983). "To be colorable, a claim has to have the appearance of validity, i.e., if the defendant's allegations are taken as true, would they change the verdict?" *State v. Richmond*, 114 Ariz. 186, 194, 560 P.2d 41, 49 (1976), *cert. denied*, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977). A defendant presents a colorable claim of newly-discovered evidence if the following five requirements are met:

1. the evidence must appear on its face to have existed at the time of trial but be discovered after trial;

2. the motion must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention;

3. the evidence must not simply be cumulative or impeaching;

4. the evidence must be relevant to the case;

5. the evidence must be such that it would likely have altered the verdict, finding or sentence if known at the time of trial.

*Bilke*, 162 Ariz. at 52–53, 781 P.2d at 29–30.

In *Bilke*, the issue was whether the defendant had presented a colorable claim entitling him to an evidentiary hearing to determine whether the diagnosis of post-traumatic stress disorder (PTSD) constituted newly-discovered evidence that might have affected his sentence. The defendant, a Vietnam veteran, was convicted of three counts of armed robbery, three counts of armed rape, one count of kidnapping and six counts of lewd and lascivious acts. His defense at trial was mistaken identity. The trial court imposed consecutive, indeterminate sentences totalling not less than 59 nor more than 170 years.

In 1987, the defendant filed an amended petition for post-conviction relief. He claimed as newly-discovered evidence that he had been recently diagnosed as suffer-

ing from PTSD and that he suffered from the disorder at the time he committed his crimes. The defendant attached to the petition a psychologist's report prepared after an extensive psychological examination. The report confirmed the diagnosis of PTSD and concluded that the defendant suffered from it at the time he committed the crimes. The defendant also attached affidavits of relatives and friends which compared the defendant's behavior before and after his service in Vietnam. The trial court summarily denied the petition.

On review, the court set aside the order and remanded the matter for an evidentiary hearing. *Id.* at 53–54, 781 P.2d at 30–31. The court, after acknowledging that PTSD had been recognized in two other cases, concluded that the defendant had presented a colorable claim of newly-discovered evidence. *Id.* at 53, 781 P.2d at 30. The court stated:

> Defendant easily meets the first requirement that the evidence be newly-discovered; his PTSD was not diagnosed until well after his trial and was not a recognized mental condition at the time of his trial. Like the *Henry [v. Industrial Commission,* 157 Ariz. 67, 754 P.2d 1342 (1988)] case, while defendant may have been aware that his mental condition was not stable, he was not aware that he suffered from PTSD. Second, defendant was diligent in pursuing this remedy. He brought his condition to the court's attention shortly after its diagnosis. Third, the evidence was not merely cumulative or impeaching. Fourth, the evidence is relevant to sentencing. The mental condition and impaired capacity of a defendant are commonly considered in arriving at sentencing decisions. [Footnote omitted.] They can shed considerable light on why a defendant committed the acts and what an appropriate sentence would be. Finally, the fifth element has been met. Our review of the evidence persuades us that, had it been available at the time of sentencing, it might well have altered the sentence imposed. Had the sentencing judge been aware that a mental disease known as post-traumatic stress disorder existed,

that defendant suffered from it as a direct result of his outstanding military service in Vietnam, and that the disorder was a causative factor leading to the commission of the crimes, he might well have sentenced defendant differently.

*Id.*

 *Bilke* supports the position that petitioner presented a colorable claim of newly-discovered evidence. First, petitioner was not diagnosed as having the HIV virus until almost seven months after sentencing, and there is no indication petitioner was aware of his condition at the time of sentencing. Second, petitioner appears to have been diligent in bringing the evidence to the court's attention. Although he waited almost one year after the diagnosis to file his petition, petitioner had blood tests done in the interim, apparently to monitor the stage of the illness. Third, the evidence is not merely cumulative or impeaching. Fourth, the evidence is relevant to sentencing. A defendant's health is a factor to be considered at sentencing. *See, e.g., State v. Montano,* 121 Ariz. 147, 149, 589 P.2d 21, 23 (App.1978); *State v. Kovacevich,* 26 Ariz.App. 216, 218, 547 P.2d 487, 489 (1976). And finally, the severity of petitioner's illness may have altered the sentence if known at the time of sentencing.

Two factors, though, set petitioner's case apart from *Bilke.* One is petitioner's failure to present evidence which indicates he was infected with the HIV virus *at the time of sentencing.* However, the issue whether petitioner was infected with the HIV virus at that time can be determined at an evidentiary hearing. The second factor is that petitioner was sentenced to stipulated sentences pursuant to a plea agreement, while the defendant in *Bilke* was sentenced after a jury trial.

### C. The Stipulated Sentences

Petitioner recognizes that in the plea agreements he stipulated to the sentences imposed by the trial court. He argues, however, that had the trial court known of his medical condition at sentencing, it might have concluded that the stipulated

sentences were too harsh and either rejected the plea or, if not objected to by the state, imposed a shorter prison term.

■ A trial court has wide discretion in deciding whether to accept or reject a plea agreement. *State v. DeNistor,* 143 Ariz. 407, 411, 694 P.2d 237, 241 (1985). Even after accepting the plea, the trial court is not bound by a negotiated sentence. *Id.; Campas v. Superior Court,* 159 Ariz. 343, 345, 767 P.2d 230, 232 (App. 1989). If the court rejects the proposed sentence, the accused may either withdraw from the plea or agree to be sentenced within the legal limits on the charge pled, even if the sentence is more onerous than the one provided for in the plea agreement. *Campas,* 159 Ariz. at 345, 767 P.2d at 232. The trial court may not, however, *sua sponte,* vacate the acceptance of a guilty plea and set the case for trial. *DeNistor,* 143 Ariz. at 412, 694 P.2d at 242. To do so would violate the constitutional proscription against double jeopardy. *Id.*

■ In petitioner's case, not only has the trial court accepted his guilty plea, the court has also sentenced petitioner in accordance with the terms of his plea agreements. This alone, however, does not appear to nullify the trial court's authority to allow petitioner to withdraw his guilty plea.

In *State v. Chavez,* 130 Ariz. 438, 439, 636 P.2d 1220, 1221 (1981), the court held that a defendant could withdraw a guilty plea even though the motion was made after sentencing. The defendant had entered into a plea agreement in which he stipulated to a presumptive sentence of four years to run concurrent with, but not necessarily the same duration as, his New Mexico parole violation, with the sentence to be served in New Mexico. The parties, however, operated under a misapprehension that the defendant had violated the terms of his New Mexico parole and was subject to incarceration in that state. The

court found that the existence of a New Mexico parole violation was crucial to the plea agreement and held that "if the parties to a plea agreement were mistaken as to the existence of a material factor which caused them to enter the agreement, and this material factor is discovered *after* sentencing, the defendant can withdraw his guilty plea if such action is necessary to prevent manifest injustice." *Id.* at 439, 636 P.2d at 1221 (emphasis in original).

Although *Chavez* differs factually from petitioner's case, it supports the proposition that the trial court may allow petitioner to withdraw his plea of guilty even though the trial court has accepted the plea and sentenced him according to the terms of the plea agreements.

### III. *Conclusion*

Because petitioner appears to have raised a colorable claim of newly-discovered evidence, we remand this matter to the trial court for an evidentiary hearing. The trial court must first determine the claim of petitioner, i.e., that at the time of sentencing he had a disease which may be terminal. If the trial court finds that such a condition existed at the time of sentencing, the trial court may exercise its discretion and reject the stipulated sentences in the plea agreements. If it does so, the trial court must give both the state and the petitioner the opportunity to withdraw from the plea agreements.

EHRLICH and KLEINSCHMIDT, JJ., concur.