NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARK ANDREW TUCKER, *Petitioner*.

No. 1 CA-CR 18-0365 PRPC
FILED 9-13-2018

Petition for Review from the Superior Court in Maricopa County
Nos.  CR2012-128385-001 DT
CR2012-153833-002 DT
The Honorable Karen A. Mullins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Mark Andrew Tucker, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

---

**C R U Z**, Presiding Judge:

¶1        Mark Andrew Tucker petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32 ("Rule 32").  We have considered the petition and, for the reasons stated, grant review but deny relief.

¶2        In 2013, Tucker pled guilty to one count each of burglary in the second degree, false reporting to a law enforcement agency, possession of burglary tools, possession of dangerous drugs for sale, and possession of drug paraphernalia.  Tucker also admitted to two prior felony convictions. Four years after the court imposed mitigated sentences, Tucker filed a notice of post-conviction relief, raising claims of newly discovered evidence and ineffective assistance of counsel ("IAC").  Tucker argued his various health problems constituted newly discovered evidence, and, had the court been aware of the ailments, it would have imposed more lenient sentences. Regarding his IAC claim, Tucker claimed counsel deficiently failed to request "mitigation hearings or med. exams" after learning from Tucker on the day of sentencing that Tucker suffered from hepatitis C.[1]  In his notice, Tucker also requested appointment of Rule 32 counsel.  The trial court did not appoint counsel and summarily dismissed the notice.  Tucker unsuccessfully moved for reconsideration, and this timely petition for review followed.

¶3        We have jurisdiction pursuant to Arizona Revised Statutes section 13-4239(C); *see also* Ariz. R. Crim. P. 32.9(c).

---

[1]        Tucker's notice incorrectly refers to October 4, 2012 as the sentencing date.  He was sentenced on October 4, 2013.

**DISCUSSION**

¶4        Tucker argues he was entitled to court-appointed counsel and an evidentiary hearing on his post-conviction relief claim of newly discovered evidence.[2] We disagree.

¶5        A defendant seeking post-conviction relief after a guilty plea must generally file a notice within 90 days of sentencing. Ariz. R. Crim. P. 32.4(a)(2)(C). Although untimely claims of newly discovered evidence made pursuant to Rule 32.1(e) are not necessarily precluded, Ariz. R. Crim. P. 32.4(a)(2)(A), when raised, the defendant "must . . . explain the reasons . . . for not raising the claim in a timely manner." Ariz. R. Crim. P. 32.2(b); *see also* Ariz. R. Crim. P. 32.l(e). "If the notice does not . . . provide reasons why defendant did not raise the claim in a previous petition or in a timely manner, the court may summarily dismiss the notice." Ariz. R. Crim. P. 32.2(b). We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶6        Here, the superior court summarily dismissed Tucker's evidentiary claims in part because he failed to explain in his Rule 32 notices why the "newly discovered" arterial "blockage," thyroid nodule, and diagnosis of hepatitis C could not have been raised earlier through reasonable diligence.[3] Our review of the notices supports the court's rationale. For example, Tucker alleged he suffered four heart attacks during the two months after sentencing—treatment of which revealed a 99% blockage of his artery—yet he did not state the reasons for the four-year delay in seeking post-conviction relief on this basis.

¶7        Tucker's reliance on *State v. Bilke* and *State v. Cooper* is inapposite. In *Bilke*, the defendant was entitled to a Rule 32 evidentiary hearing to challenge his prison sentence because at the time he committed

---

[2]        Tucker does not challenge the superior court's summary dismissal of his IAC claim. He has, therefore, abandoned and waived this issue, and we do not address it. *See State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12 n.4 (App. 2010) (declining to address argument not presented in petition).

[3]        To the extent Tucker raised a claim of newly discovered evidence regarding his hepatitis C, such a claim fails because he knew at sentencing that he suffered from the ailment; indeed, Tucker based his claim of ineffective assistance of counsel on his attorney's alleged failure to inform the court at sentencing that Tucker had hepatitis C.

the offenses and was sentenced, he suffered from post-traumatic stress disorder — a condition that was not diagnosed, or medically recognized until well after his trial. *See* 162 Ariz. 51, 53 (1989). By contrast, in *Cooper*, the defendant presented a colorable claim of newly discovered evidence based on his post-sentencing diagnosis of a terminal illness. 166 Ariz. 126, 128-30 (App. 1990). Tucker, on the other hand, did not contend that his coronary, thyroid, and liver ailments were not recognized medical conditions on May 30 and October 13, 2012, the dates of the offenses, and he did not allege that his thyroid and liver conditions are terminal.[4] The court's summary dismissal of his petition for post-conviction relief was not an abuse of discretion.

**¶8** Similarly, Tucker's contention that the superior court erred in denying his request for court-appointed counsel also fails. Since Tucker's Rule 32 notice was facially without merit, he was not entitled to counsel. *State v. Harden*, 228 Ariz. 131, 134, ¶ 11 (App. 2011). Tucker fails to establish the superior court's dismissal order constitutes an abuse of discretion.

## CONCLUSION

**¶9** Accordingly, although we grant review, relief is denied.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] Attached to the petition for review is an appendix titled "Medical Information on Hepatitis-C." The attachments were not part of the record below, and as such they are not properly before us. Therefore, we do not consider said documents. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (issues not presented in superior court may not be first raised in petition for review).