NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN KRISTOFFER LARSGARD, *Petitioner*.

No. 1 CA-CR 18-0598 PRPC
FILED 4-25-2019

Petition for Review from the Superior Court in Navajo County
No. S0900CR201100767
S0900CR201100780
The Honorable Dale P. Nielson, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Michael R. Shumway
*Counsel for Respondent*

Law Office of Elizabeth M. Hale, Lakeside
By Elizabeth M. Hale
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

---

**H O W E**, Judge:

¶1 John Kristoffer Larsgard petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and for the reasons stated, grant review but deny relief.

¶2 After a jury trial, Larsgard was convicted of six counts of aggravated assault and one count of felony endangerment for driving into a crowd of people celebrating at a festival in Winslow.[1] The trial court sentenced him to a presumptive aggregate term of 7.5 years' imprisonment.

¶3 On direct appeal, Larsgard argued that (1) the medications administered by jail medical staff significantly affected his access to counsel and ability to participate in his own defense, (2) the State committed various disclosure violations, and (3) the jury's verdicts were contrary to the weight of the evidence. *See State v. Larsgard*, 1 CA-CR 12-0283, 2013 WL 1908037, at *1–4 ¶¶ 2–18 (Ariz. App. May 7, 2013) (mem. decision). We disagreed, affirming his convictions and sentences. *Id*. at *4 ¶ 19.

¶4 Larsgard timely petitioned for post-conviction relief, raising a litany of constitutional and procedural issues. The trial court summarily dismissed the petition, in part, but set an evidentiary hearing as to Larsgard's claims that the jury should have been instructed about the lesser-included offenses of aggravated assault and that the Arizona Department of Corrections ("DOC") denied his access and right to counsel. After hearing testimony from Larsgard and his former counsel, the court dismissed the remaining claims. This petition for review followed.

---

[1] The State originally charged Larsgard with a total of 36 counts in two separate cases, consolidated for trial. The trial court subsequently granted the State's motion to dismiss all counts, except the nine counts presented to the jury. The jury acquitted Larsgard of two counts of aggravated assault.

**¶5**        We will not reverse a trial court's ruling on a petition for post-conviction relief absent an abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441 (1986). If a petitioner seeks review after an evidentiary hearing, we review the court's findings of fact to determine if they are clearly erroneous. *State v. Herrera*, 183 Ariz. 642, 648 (App. 1995).

### 1. Newly Discovered Evidence

**¶6**        Larsgard argues that the trial court abused its discretion in dismissing his claim that the DOC's inability to provide proper medical treatment for his pre-existing medical condition violates his constitutional rights and constitutes newly discovered evidence under Arizona Rule of Criminal Procedure ("Rule") 32.1(e). Larsgard contends further that he is entitled to an evidentiary hearing to determine whether the court knew of the "deplorable health care conditions" at the DOC when imposing his imprisonment term.

**¶7**        To prevail on a claim of newly discovered evidence under Rule 32.1(e), and thereby exempted from preclusion, a defendant must show that the proffered evidence (1) existed at the time of trial but was discovered only after trial;  (2) could not have been discovered through the exercise of due diligence; (3) would not be simply cumulative or impeaching; (4) would be relevant to the case; and (5) would probably have altered the verdict, finding, or sentence if known at the time of trial. *See* Ariz. R. Crim. P. 32.1(e), 32.2(a)–(b); *State v. Bilke*, 162 Ariz. 51, 52–53 (1989); *State v. Saenz*, 197 Ariz. 487, 490 ¶ 13 (App. 2000). A newly diagnosed medical condition that existed at the time of trial can constitute newly discovered evidence relevant to sentencing. *Bilke*, 162 Ariz. at 53 (diagnosis of post-traumatic stress disorder); *State v. Cooper*, 166 Ariz. 126, 128–30 (App. 1990) (diagnosis of human immunodeficiency virus).

**¶8**        Here, Larsgard fails to show that he is entitled to relief under Rule 32.1(e).[2] The issue of Larsgard's medical condition, namely symptoms associated with a neck injury, arose throughout the trial and sentencing.  At

---

[2]        Larsgard relies heavily on the factual similarities between the current case and *State v. Rininger*, Superior Court of Cochise County, Cause No. CR20093923-001. The defendant in *Rininger* sought review of the summary dismissal of his Rule 32 petition, and this Court denied relief in *State v. Rininger*, 2 CA-CR 2012-0512-PR, 2013 WL 1460559, *2 ¶ 5 (Ariz. App. Apr. 10, 2013) (mem. decision). Although *Rininger* is not controlling, we note that our findings in that decision are consistent with those in the current case. *See Id*. at *1–2 ¶¶ 1–5.

the very least, the record shows that the trial court knew of the medical condition when imposing his imprisonment terms.

¶9        Regarding his pre-existing medical condition, Larsgard has not shown why he did not raise the constitutionality of his sentences on direct appeal; accordingly, he is precluded from raising the issue here, and no exceptions to preclusion apply. *See* Ariz. R. Crim. P. 32.1(e), 32.2(a)–(b). Moreover, to the extent Larsgard argues his medical condition has worsened while in the DOC's custody, this claim cannot be considered a newly discovered fact under Rule 32.1(e) because it did not exist at the time of trial or sentencing. *See Bilke*, 162 Ariz. at 53. Thus, the trial court did not abuse its discretion in summarily dismissing this claim.

## 2. Jury Instruction on Lesser-Included Offenses

¶10        Larsgard also argues that he was entitled to have the jury instructed on the lesser-included offenses of aggravated assault and that the court's failure to provide such instruction was fundamental error. Any issue a defendant could have raised on direct appeal is precluded unless an exception under Rule 32.2(b) applies. Ariz. R. Crim. P. 32.2(a)–(b). Claims of fundamental error are not exempt from preclusion. If the supreme court "had intended that fundamental error be an exception to preclusion under Rule 32.2, the court presumably would have expressly said so in the rule itself[.]" *State v. Swoopes*, 216 Ariz. 390, 403 ¶ 42 (App. 2007).

¶11        Larsgard did not raise this claim on direct appeal and nothing shows that any exception under Rule 32.2(b) applies. *See Larsgard*, 1 CA-CR 12-0283, at *1–4 ¶¶ 2–18. His claim is therefore precluded under Rule 32.2(a) and (b).

## 3. Access to Appellate Counsel

¶12        Larsgard also contends that the trial court abused its discretion in dismissing his claim that the DOC violated his right to counsel. A defendant's constitutional right to effective assistance of counsel on appeal and ineffective assistance of appellate counsel is a cognizable Rule 32 claim. *See* Ariz. R. Crim. P. 6.1(a), 31.5(a), (e); *Herrera*, 183 Ariz. at 645. To obtain relief on any Rule 32 claim, however, the petition for review must contain a statement of the issue presented with supporting material facts and such facts must have the appearance of validity. *See* Ariz. R. Crim. P. 32.9(c)(4)(B); *State v. Suarez*, 23 Ariz. App. 45, 46 (1975). Moreover, a defendant's own self-serving assertions are generally insufficient to raise a colorable Rule 32 claim. *State v. Wilson*, 179 Ariz. 17, 20 (App. 1993).

¶13        Larsgard contends that the DOC hindered his ability to communicate with appellate counsel during vital stages of the appeal. Aside from Larsgard's self-serving statements, the record from the evidentiary hearing shows that Larsgard corresponded with appellate counsel during the time in question. Although appellate counsel testified he had some difficulty speaking with him telephonically, counsel knew of Larsgard's position regarding the appeal and they communicated regularly through legal mail. The trial court's finding that the DOC did not restrict Larsgard's access to counsel is supported by the record.

### 4. Ineffective Assistance of Counsel

¶14        Larsgard further argues that the trial court abused its discretion in dismissing his claim of ineffective assistance of trial and appellate counsel. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006). "Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *State v. Valdez*, 160 Ariz. 9, 15 (1989). Similarly, appellate counsel's "strategic decision to 'winnow out weaker arguments on appeal and focus on' those more likely to prevail is an acceptable exercise of professional judgment." *State v. Febles*, 210 Ariz. 589, 596 ¶ 20 (App. 2005) (quoting *Jones v. Barnes*, 463 U.S. 745, 746 (1983)).

¶15        Larsgard's claim fails to meet the *Strickland* standard. While representing Larsgard, counsel conducted pretrial litigation, used an independent investigator, formulated a targeted defense strategy, sought leniency at sentencing, and raised multiple issues in a timely appeal. *See Larsgard*, 1 CA-CR 12-0283, at *1–4 ¶¶ 2–18. Although later proven to be unsuccessful, Larsgard has not shown that counsel's strategic decisions in trial and the direct appeal constituted ineffective assistance of counsel. Thus, the trial court did not abuse its discretion in dismissing this claim.

¶16        Accordingly, we grant review but deny relief.

