NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KENDALL SHAMAAR JOHNSON, *Petitioner*.

No. 1 CA-CR 23-0325 PRPC
FILED 2-13-2024

Appeal from the Superior Court in Maricopa County
No. CR2004-009960-001
The Honorable Justin Beresky, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Sandra Day O'Connor College of Law Post-Conviction Clinic, Phoenix
By Randal Boyd McDonald, Robert Joseph Dormady, Andi Humphreys
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1 Petitioner Kendall Shamaar Johnson petitions this court for review of the superior court's dismissal of her petition for post-conviction relief. For the reasons stated below, we grant review and deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Johnson was convicted of six felonies in 2004, including burglary, kidnapping, sexual assault, theft and trafficking in stolen property. At the time of the offense, Johnson was on probation for possession of marijuana, a misdemeanor. She was sentenced to 21 years in prison, the presumptive prison sentences for the burglary and sexual assault counts. The superior court also found that Johnson violated her misdemeanor marijuana probation and reinstated her probation following the 21-year prison sentence. This court affirmed Johnson's convictions and sentences on direct appeal. *See State v. Johnson*, 1 CA-CR 04-1013 (Ariz. App. Jan. 31, 2006) (mem. decision).

¶3 In 2014, about 10 years after her sentencing, Johnson experienced numbness in her feet and other symptoms. As her symptoms became more serious, Johnson sought medical care numerous times. Then, in 2020, sixteen years after sentencing, Johnson was diagnosed with primary progressive multiple sclerosis ("MS"). MS is caused by scar tissue developing on the central nervous system and is diagnosed using magnetic resonance imaging ("MRI") and a physical examination. MS is uncurable and terminal. Johnson asserts she is now severely disabled, immobile and in constant pain.

¶4 In 2023, Johnson filed a successive notice and petition for post-conviction relief, arguing that her 2020 MS diagnosis was newly discovered evidence that would likely have changed her sentence, and that a significant change in the law permitting Johnson to expunge her marijuana misdemeanor conviction entitled her to a new sentencing

hearing.  *See* Ariz. R. Crim. P. 32.1(e) and (g).  The superior court dismissed her petition for relief.

## DISCUSSION

**¶5**        We review the court's denial of post-conviction relief for an abuse of discretion.  *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

## I.        Johnson's 2020 MS diagnosis is not newly discovered evidence.

**¶6**        Post-conviction relief may be obtained when a defendant presents newly discovered material facts that probably would have changed the verdict or sentence.  Ariz. R. Crim. P. 32.1(e).  A defendant is entitled to an evidentiary hearing on her claim for post-conviction relief if she presents a colorable claim ("more than a conclusory assertion") that, if true, probably would have changed her sentence.  *State v. Donald*, 198 Ariz. 406, 414, ¶ 21 (App. 2000); *Amaral*, 239 Ariz. at 220, ¶ 11.

**¶7**        To present a colorable claim of newly discovered evidence, the defendant must show: (1) new evidence appeared on its face to have existed at the time of trial, but was discovered after trial; (2) defendant was diligent in discovering the facts and bringing them to the court's attention; (3) the evidence is not simply cumulative or impeaching; (4) the evidence is relevant to the case; and (5) the evidence would likely have altered the verdict, finding or sentence if known at the time of trial.  *State v. Bilke*, 162 Ariz. 51, 52–53 (1989).

**¶8**        Johnson argues she has a colorable claim because new research shows that Epstein-Barr Virus ("EBV") is a primary contributing factor to later developing MS, and the majority of the population is exposed to EBV.  Johnson also claims she was genetically predisposed to suffer from MS because two of her second cousins developed the disease after sentencing.

**¶9**        Johnson's arguments fail because she did not suffer from MS at the time of sentencing.  She displayed no symptoms of MS and could not have been diagnosed with MS at that time.

**¶10**        Even if we accept as true Johnson's claim that she had contracted EBV before sentencing, it is not a condition that by itself would

have changed her sentence. EBV is common among humans; MS is rare.[1] Contracting EBV does not guarantee a subsequent MS diagnosis. Nor is a predisposition for a disorder equivalent to suffering from that disorder. Johnson urges us to find that exposure to EBV requires a judge to consider the possibility of contracting MS in sentencing. We cannot do so.

¶11 Johnson argues she is entitled to relief because two of her second cousins have been diagnosed with MS. She cites to a study which found that "[f]actors such as smoking, family history of MS, migraine, and vitamin D deficiency were associated with a higher risk of developing MS." Maher Taan, et al., *Risk Factors Associated with Multiple Sclerosis: A Case-Control Study in Damascus, Syria*, 603 MS INT'L (2021). The study does not show that genetic predisposition alone causes MS, and Johnson's argument would lead to irrational results. There are many inmates who have a heightened risk of cancer from a history of smoking or drinking alcohol. Under Johnson's proposed standard, any inmate in this category that is later diagnosed with cancer while serving a sentence would be entitled to a resentencing hearing.

¶12 Even so, Johnson argues she is entitled to an evidentiary hearing under *State v. Cooper*, 166 Ariz. 126 (1990). In *Cooper*, the petitioner alleged that he had HIV at the time of sentencing although it was not discovered until seven months later. *Cooper*, 166 Ariz. at 130. Unlike *Cooper*, however, Johnson is not claiming to have contracted MS at the time of her sentencing.

¶13 Finally, Johnson argues the first *Bilke* requirement—that the new evidence existed at the time of trial, which was only discovered later—is inconsistent with the plain language of Rule 32.1(e). We are not persuaded. Arizona courts have applied the *Bilke* requirements for over thirty years. *See, e.g., State v. Acuna Valenzuela*, 245 Ariz. 197, 215, ¶ 59 (2018); *State v. King*, 250 Ariz. 433, 439–40, ¶¶ 26–28 (App. 2021). And in *Amaral*, our supreme court determined that although the first *Bilke* "requirement is not explicit in the rule's text," it is consistent with Rule 32.1(e) because "evidence arising from events occurring after the trial are not newly discovered material facts." *Amaral*, 239 Ariz. at 220, ¶ 13.

---

[1] The study Johnson cites explained that MS is a rare disease while EBV infects roughly 95 percent of all adults. Kjetil Bjornevik et al., *Longitudinal Analysis Reveals High Prevalence of Epstein-Barr Virus Associated with Multiple Sclerosis*, 375 SCIENCE 296 (2022).

¶14        Johnson further contends the *Bilke* requirement is no longer applicable because the Arizona Rules of Criminal Procedure have been altered since *Bilke* was decided.  However, the only substantive change to Rule 32.1(e) since *Bilke* was the addition that newly discovered material facts must be "discovered after the trial or sentencing."  Ariz. R. Crim. P. 32.1(e)(1).  That language does not conflict with *Bilke*'s rule, confirmed by *Amaral*, that the evidence must have existed at the time of sentencing. Accordingly, Johnson's argument fails.

## II.        Resentencing is not required because the superior court did not violate Prop 207.

¶15        Johnson next contends the superior court wrongly considered her expunged marijuana conviction at sentencing.  *See* A.R.S. 36-2862(A). Not so.  The court only mentioned Johnson's conviction in the context of probation—namely, she was on probation at sentencing and her probation would be reinstated after her release because she violated the terms of probation.  Further, the court made no aggravating findings.  And last, aside from the court mentioning probation, only Johnson's attorney mentioned the marijuana conviction while addressing mitigating factors. Nothing in the record indicates the court improperly considered an expunged marijuana conviction.[2]   The superior court did not abuse its discretion in rejecting this argument.  *See State v. Krum*, 183 Ariz. 288, 294– 95 (1995) (a petition presenting allegations that are vague, conclusory, or wholly incredible is subject to summary dismissal).

---

[2]        We also note that Johnson failed to attach proof that her marijuana conviction was expunged.  Petitioners have the burden of proving their allegations by a preponderance of the evidence in order to be entitled to an evidentiary hearing.  Ariz. R. Crim. P. 32.13(c); *State v. Saenz*, 197 Ariz. 487, 489, ¶ 7 (App. 2000).

**CONCLUSION**

¶16        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA