600 P.2d 40

The STATE of Arizona,
Appellee/Respondent,

v.

Mario LITTLES, Appellant/Petitioner.

Nos. 2 CA–CR 1446, 2 CA–CR 1723–PR.

Court of Appeals of Arizona,
Division 2.

June 8, 1979.

Rehearing Denied July 18, 1979.

Review Denied Sept. 11, 1979.

**428**

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee/respondent.

Richard S. Oseran, Pima County Public Defender by Donald H. Bayles, Jr., Asst. Public Defender, Tucson, for appellant/petitioner.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of robbery while armed with a gun. The offense occurred during a drug "rip-off". He was sentenced by the trial court to the custody of the Department of Corrections for a term of not less than five nor more than 10 years.[1] He contends the trial court erred (1) in denying his request for the transcript of his first trial; (2) when it prevented him from showing the victim's

---

1. A.R.S. Sec. 13–643(B) did not authorize commitment to the custody of the Department of Corrections.

reputation for truthfulness and the nature of his "employment" and (3) in denying his petition for post-conviction relief.

The trial commenced on Wednesday, February 8, 1978. On Friday, the 10th, appellant, through his court-appointed attorney, moved for a mistrial based on the admission of certain evidence. The trial court granted the motion and set the retrial for the following Tuesday, February 14. On Friday the 10th, appellant filed a motion requesting the court to provide him with a transcript of the testimony of the three state's witnesses who testified prior to declaring the mistrial. He noticed the hearing of this motion for February 14th. On February 14, defense counsel stated to the court:

"I would ask that the Court postpone the trial for a sufficient length of time to enable me to obtain the transcripts. I don't know what length of time that would be. I talked with Mr. Curnyn, the reporter, and he couldn't get them out right away. The court reporter needs the time that I am asking for."

The state opposed the continuance, reminding the court that the trial was reset on the 14th because the victim was from out-of-state and had been kept in Tucson over the weekend for the start of the new trial. The court refused to grant the continuance and the trial commenced.

■ We are unable to agree with appellant's contention that the trial court erred in denying a continuance for the purpose of securing the transcripts of the first trial. In *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) the Court held that the state must, as a matter of *equal protection*, provide indigent prisoners with the basic tools of an adequate defense or appeal, *when those tools are available for a price to other persons.* This principle was reiterated in *Roberts v. LaVallee*, 389 U.S. 40, 42, 88 S.Ct. 194, 196, 19 L.Ed.2d 41, 43 (1967), when the Court stated that its decisions for more than a decade had made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution. In *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) the Court, applying the rule in *Griffin*, held *as matter of equal protection* that the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. We followed *Britt* in *State v. Tomlinson*, 121 Ariz. 313, 589 P.2d 1345 (App.1978).

*Britt* does not stand for the proposition that an indigent defendant is absolutely entitled to a transcript of the prior proceedings under all circumstances. It is only where the transcript is available to others for a price that the principles of *Britt* apply. Here, the transcript was not available to anyone. We do not believe that under the circumstances the trial court was required to delay the trial to some unknown time in the future in order to secure the transcript. As was said by Judge Engel in his concurring opinion in *United States v. Mullen*, 550 F.2d 373 (6th Cir. 1977):

"In concurring, I believe it should be made clear that our ruling does not involve a situation where the trial court refuses to delay a retrial for a sufficient length of time to enable testimony to be transcribed, thereby preventing all parties from having access to a transcript, regardless of financial means. Under those circumstances an equal protection issue would not be involved." 550 F.2d at 375.

Appellant cites *State v. Williams*, 84 Wash.2d 853, 529 P.2d 1088 (1975) as a case which supports his contention. It does not. The request for the transcript of the prior trial in *Williams* was made more than three months before the date of the retrial.

■ We now turn our attention to appellant's claim that the court erred in preventing him from showing the reputation of the victim. At the trial the following colloquy took place between the defense attorney and the court:

"MR. MONTES DE OCA: At this point I would like to advise the Court that it is my intention to call Charles

Snowden to ask him to give us his opinion of Richard Kummerle's reputation for truthfulness.

I believe he would indicate that Richard Kummerle's reputation for truthfulness is bad and then I propose to ask Mr. Snowden if he is aware of any specific instances of misconduct which reflect on his reputation.

Mr. Snowden will answer that he has been told by other people that Mr. Kummerle is involved in drug rip-offs and they warned him to be careful of his association with Mr. Kummerle. Mr. Snowden will also say that Mr. Kummerle has a reputation as being a middleman for not just drugs, but anything.

This will occur in the context of my asking him if he is aware that Richard Kummerle deals in this property or not.

\* \* \* \* \* \*

I would ask for the Court's ruling on that.

\* \* \* \* \* \*

I am interested in offering the whole thing. I am not just interested in asking him for his opinion of Kummerle. I am more interested in the second part."

This occurred after the state had rested its case-in-chief and after appellant's motion for a directed verdict of not guilty had been denied.

Rule 608, Arizona Rules of Evidence provides:

"(a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, . . .

(b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

\* \* \* \* \* \*"

While it is clear that Mr. Snowden's opinion of the victim's reputation for truthfulness was admissible under subparagraph (a) of the above-quoted rule, it is equally clear that the trial court never denied appellant the opportunity to call Mr. Snowden for the purpose of giving this opinion. The trial court's ruling was directed solely at the specific bad acts which appellant proposed to elicit from Mr. Snowden. It was correct. This testimony did not fall under subparagraph (b) of Rule 608 for two reasons. First of all, the proposed specific instances of conduct were not probative of truthfulness or untruthfulness. Secondly, such testimony can only be elicited on cross-examination, which was not the case here since Mr. Snowden was going to be called as a witness for the defense in its case-in-chief.

Appellant's final claim was made in his petition for post-conviction relief. He contended that he should be granted a new trial because Snowden admitted perjuring himself on a particular item of testimony. A petition for post-conviction relief is addressed to the discretion of the trial court. *State v. Kidwell*, 106 Ariz. 257, 475 P.2d 241 (1970). At the trial, Snowden stated that he did not know where appellant went after he left Tucson. This was not true. There is no legal requirement that a new trial be granted even when a witness himself states that he has perjured himself. *State v. Scott*, 113 Ariz. 423, 555 P.2d 1117 (1976). Whether or not Mr. Snowden knew appellant's whereabouts after he left Tucson was of little or no relevance. The trial court did not abuse its discretion.

Appellant's sentence is modified to show that he be imprisoned in the Arizona State Prison for the term set forth by the trial court.

The judgment and sentence are affirmed as modified.

RICHMOND, C. J., and HATHAWAY, J., concur.