131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen BISHOP, Petitioner-Appellant,
v.
Samuel A. LEWIS, Respondent-Appellee, ARIZONA ATTORNEY
GENERAL, Respondent-Appellee.
 No. 95-17373.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997.**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-93-00096-JET; Jack E. Tanner, District Judge, Presiding.
 Before WOOD, JR.,*** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS
 
 2
 Stephen Bishop ("Bishop") was convicted in a jury trial of five counts of armed robbery, nine counts of kidnaping, and one count each of aggravated assault and theft for his role in three armed robberies. He was sentenced to consecutive terms of imprisonment totaling 109 years.
 
 
 3
 Bishop challenged his conviction on appeal in the state court, raising many of the same issues he asserts here. The direct appeal was joined with Bishop's first petition for post-conviction relief The appellate court rejected Bishop's arguments and affirmed the convictions. State v. Bishop, 667 P.2d 1331 (Ariz.Ct.App.1983). The Arizona Supreme Court denied review. Bishop then filed a second petition in the state court for post-conviction relief raising ineffective assistance of counsel, a discovery claim, and a claim of disproportionate sentencing under Solem v. Helm, 463 U.S. 277 (1983). The state appellate court rejected all of Bishop's claims on the merits, and, on December 3, 1991, the Arizona Supreme Court denied review. Bishop later filed a state habeas action and a special action in state court.
 
 
 4
 Bishop then filed a writ of habeas corpus in the district court. The district court granted the State's motion for summary judgment and dismissed the case. Bishop appeals.
 
 ANALYSIS
 
 5
 We review de novo the district court's grant of summary judgment in a habeas proceeding. Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.1992) (en banc). The factual findings underlying that conclusion are reviewed for clear error. Riley v. Deeds, 56 F.3d 1117, 1119 (9th Cir.1995).
 
 
 6
 a. Competency Examination
 
 
 7
 Bishop contends that he was denied due process by the trial court's refusal to conduct a third competency hearing. Due process requires that an adequate hearing be held on competency whenever the evidence raises a bona fide doubt as to a defendant's competency to stand trial. Drope v. Missouri, 420 U.S. 162, 172 (1975). In March 1980, the trial court determined that Bishop was not competent to stand trial; however, Bishop was re-examined and found competent to stand trial in July 1980. In April 1981, Bishop's attorney sought a third examination of Bishop's competency in light of his client's recent depression and suicide attempt. Bishop's attorney relied on his own assertions and a newspaper article to support his request. The judge, who had presided in the earlier competency hearing, arranged for a preliminary interview by a psychiatrist to determine whether there was a reasonable basis to believe that Bishop may have been incompetent to stand trial. This psychiatrist issued a written report stating that it was his opinion that Bishop was competent to stand trial After evaluating all of the evidence, the trial court determined that an additional full competency hearing was not necessary. In light of the evidence, this court finds that there was not a bona fide doubt as to Bishop's competency. Therefore, an additional hearing was not required, and Bishop was not deprived of due process.
 
 
 8
 b. Continuance
 
 
 9
 Bishop contends that he was denied due process by the trial court's refusal to grant a continuance to allow him to subpoena or depose his wife. Bishop claims that Mrs. Bishop was a material witness for the insanity defense. In some cases, due process may dictate that a defendant be granted a continuance in order to prepare an adequate defense. U.S. v. Bogard, 846 F.2d 563, 566 (9th Cir.1988). However, even if constitutional error is found, it may be deemed harmless error if it did not have a substantial injurious effect on the final verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1717 (1993).
 
 
 10
 In determining whether the denial of a continuance violated due process, the court must consider: (1) the degree of diligence by the defendant prior to the date beyond which a continuance is sought; (2) whether the continuance would have served a useful purpose if granted; (3) whether granting the continuance would have caused inconvenience for the court or government; and (4) the amount of prejudice suffered by the defendant. Armant v. Marquez, 772 F.2d 552, 556 (9th Cir.1985).
 
 
 11
 The defense did not subpoena the out-of-state Mrs. Bishop before trial despite the fact they were planning on her testimony. The trial court in fact granted a one-day continuance when apprised of the situation which gave the defense five days from the time they requested the continuance until they were to begin at trial. When the defense attempted to contact the witness at the address they had for her, she was no longer there. Bishop did not request a further continuance. Additionally, Mrs. Bishop was not present to observe Bishop during the crimes, so she could not present eye-witness testimony regarding his behavior at that time. Mrs. Bishop's testimony would have been easily discredited by the prosecution, given her special relationship to the accused. Bishop was able to put on an expert witness to testify in support of his insanity defense. In light of these facts, the trial court's ruling on the motion to continue was not so arbitrary as to deprive Bishop of due process.
 
 
 12
 c. Use of Perjured Testimony
 
 
 13
 Bishop contends he was denied a fair trial by the prosecutor's use of perjured testimony. He bases this claim on trial testimony by one of the arresting officers that Bishop called the officer to the jail three days after the arrest. This testimony was used by the prosecution to rebut Bishop's contention that he was in a disassociative state at the time of the crimes and his arrest and could not remember any surrounding circumstances. An examination of the prison phone logs following trial revealed no record of any telephone call from Bishop to the officer.
 
 
 14
 A conviction obtained by a prosecutor's knowing use of perjured testimony is "fundamentally unfair and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." U.S. v. Bagley, 473 U.S. 667, 678 (1985). The threshold for this analysis requires a defendant to show that the prosecutor knowingly used perjured testimony. In the instant case, Bishop has made no such showing.
 
 
 15
 In the absence of knowing use by the prosecutor, the evidence must be examined under the standard for newly discovered evidence. Bishop does not meet the requisite showing of prejudice to succeed under this standard. See, e.g., Clark v. Lewis F.3d 814, 823 (9th Cir.1993).
 
 
 16
 d. Use of Restraints During Trial
 
 
 17
 During trial, the court ordered Bishop to be shackled by securing one of his legs to his chair. Bishop contends that this deprived him of his right to a fair trial. However, shackling during trial is not unconstitutional per se and may be allowed if the trial court determines that compelling circumstances necessitate shackling to insure courtroom security and there are no less restrictive alternatives available. Duckett v. Godinez, 67 F.3d 734, 748 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996).
 
 
 18
 The record shows that Bishop had a history of escape and hostage taking. He became abusive in the courtroom during pretrial proceedings. These factors support a finding of compelling circumstances. Additionally, the method used, shackling one of Bishop's legs to his chair, represented the least restrictive alternative given the situation. Therefore, the shackling was justified and did not interfere with Bishop's right to a fair trial. PH1H e. Excessive Sentences
 
 
 19
 Bishop claims that the imposition of a total sentence of 109 years for his crimes is excessive and represents cruel and unusual punishment Bishop raised this claim both on direct appeal and as a claim in his second petition for post-conviction relief based on Solem v. Helm, 463 U.S. 277 (1983). The Supreme Court examined and clarified its Solem decision in Harmelin v. Michigan, 501 U.S. 957 (1991). Following Harmelin, this court has held that the Eighth Amendment is violated only by extreme sentences that are grossly disproportionate to the crime. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994). Kidnaping and armed robbery are both serious crimes, and Bishop was convicted of multiple counts of each. Additionally, at sentencing, the prosecution produced evidence that Bishop had a prior conviction and alleged that he had a dangerous nature. The sentence is within the statutory limit and not grossly disproportionate to the offenses committed. There is no constitutional violation.
 
 
 20
 f. Brady Violation
 
 
 21
 Bishop contends that the failure of the prosecution to disclose a Nevada state mental health report on Bishop was a violation of Brady v. Maryland, 373 U.S. 83 (1963), and deprived him of due process. Under Brady, in a criminal case, the state must disclose all evidence favorable to the defendant and material to guilt or sentencing. The report at issue here involved a prior criminal incident involving Bishop in Nevada. Bishop claims that the report is favorable to his defense because it discusses intoxication. This court fails to see the relevance of the Nevada report to Bishop's criminal case in Arizona. It was prepared in conjunction with a separate criminal incident and contains nothing to support Bishop's insanity claim. The report does not qualify as Brady material, and the prosecution was not required to disclose it.
 
 
 22
 g. Ineffective Assistance of Counsel
 
 
 23
 In order to succeed under an ineffective assistance of counsel claim, Bishop must show that his counsel's performance was deficient in light of prevailing professional standards and that he was prejudiced by this deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). Bishop asserts ineffective assistance of counsel based on the failure of his attorney to secure Mrs. Bishop as a witness at trial. As noted above, given the circumstances, it is unlikely that Mrs. Bishop's testimony would have had a favorable impact on the jury's decision. In order to show prejudice, Bishop must show a reasonable probability that, but for his attorney's error, the outcome would have been different. Id. at 694. Bishop has failed to do so, and his ineffective assistance claim must fail.
 
 
 24
 h. Additional Claims
 
 
 25
 Bishop alleges that he was deprived of due process when the trial court allowed the State to chose a specific doctor for Bishop's mental interview pursuant to Ariz.R.Crim.P. 11. He raised this issue in his state habeas action. Bishop also alleges he was denied due process at sentencing when the trial judge made a false record and by the fact that a portion of the transcripts from his case were missing. He raised these claims in a special action in the state court. State habeas proceedings and special actions do not constitute fair presentation and do not exhaust state remedies for federal habeas corpus purposes. Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994). Bishop also attempts to raise denial of allocution and right to present mitigating evidence, a claim that was not raised either on direct appeal or in either post-conviction petition.
 
 
 26
 However, despite the fact that these claims were never fairly presented to the Arizona Supreme Court, they may qualify for federal habeas review if Bishop is prevented from bringing them in state court by a consistently applied state procedural bar and he can show either cause and prejudice or miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Bishop filed two previous Rule 32 post-conviction petitions, the second of which was pro se. Neither of these petitions included any of these claims. Any issue available to the defendant that is not raised in a Rule 32 petition is deemed waived. State v. Conner, 786 P.2d 948, 951 (Ariz.1990). Bishop is clearly barred from bringing these claims in state court. Bishop fails to show cause for his failure to include these counts in his Rule 32 petitions. Additionally, in order to show that a miscarriage of justice will result, Bishop would need to make a colorable showing of actual innocence. Schlup v. Delo, 115 S.Ct. 851, 861 (1995). Bishop has not done so. Therefore, federal habeas review of these claims is not available.
 
 CONCLUSION
 
 27
 For the foregoing reasons, the district court order granting the state's motion for summary judgment is AFFIRMED.
 
 
 
 **
 It has been determined that this case is suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 344
 
 
 **
 * The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3